[BROOME GENERAL TERM, May 13, 1862. *Balcom, Campbell* and *Parker*, Justices.]

————————•◦•————————

FREER and HURD, Executors, &c. of Freer, and JOHN T. DURKEE, *vs.* STOTENBUR.

A tenant for life, or for years, or for a single year, has the right to work a mine or quarry that has been worked and is open at the commencement of his tenancy ; for it has become the mere annual profit of the land.

A lease, in general terms, of the land in which an open mine exists, carries the right to the lessee to work the same.

And the right of action for quarrying and taking away the stone from an open quarry is vested in the lessee named in the lease of such quarry, or whoever has his interest in it.

THIS action was brought to recover the value of a quantity of stone, that the defendant quarried and took from a piece of land, situated within the corporate boundaries of the village of Havana, in the county of Schuyler. The action was tried before a referee, who decided that the plaintiffs were entitled to recover the sum of $629.06 as damages. Judgment was entered upon the decision, in favor of the plaintiffs ; and the defendant appealed therefrom to the general term of the court. The other facts, necessary to a correct understanding of the points decided by this court, are contained in the following opinion.

*E. H. Benn*, for the plaintiffs.

*George Sidney Camp*, for the defendant.

*By the Court*, BALCOM, P. J. The plaintiffs claimed title to the land, from which the stone in question was quarried, under Samuel Watkins, deceased, who leased it to John T. Durkee and Asher S. Durkee, for the term of twenty years, from the first day of April, 1839, by an instrument in writing under seal, bearing date the 30th day of January in that year. The lease had not expired, and was in full force, when this action was commenced. But the plaintiffs did not claim to recover under or by virtue of any right granted by the lease, although one of them was one of the lessees named in it, and the assignee of the interest therein of his co-lessee. That plaintiff, as such lessee and assignee, had sued the defendant for taking and carrying away the stone, but recovered only nominal damages in such suit. The quarry, from which the stone was taken, had been worked and was open when the lease was made, and also when it took effect.

The defendant made the point, at the trial, that the lease transferred the right to the lessees to work the quarry and dispose of the stone taken therefrom, although one hundred and twenty-five acres of land was demised by the lease, and the quarry was not mentioned in it; and he also insisted that no person, except the lessees, or some one claiming through or under them in virtue of the lease, could maintain an action against the defendant for quarrying and carrying away the stone.

I am of the opinion these points were well taken. A tenant for life, or for years, or for a single year, has the right to work a mine or quarry that has been worked and is open at the commencement of his tenancy; for it has become the mere annual profit of the land. (*See* 5 *Coke's R.* 12 ; 1 *Cowen*, 468, 474 ; *Taylor's Landlord and Tenant*, 165; 1 *Platt on Leases*, 21 ; *Woodfall's Landlord and Tenant*, *by Harri-*

*son,* 463; *Willard's Eq. Jur.* 373.) If the mine or quarry be not open, the tenant cannot work it, unless the right to do so is expressly granted by the owner of the reversion. But when it is open, a lease of the land, in which it exists, in general terms, carries the right to the lessee to work the same.

Neither of the plaintiffs was in possession of any portion of the 125 acres of land, except Durkee, at the time the stone was quarried and taken therefrom by the defendant; and I think the evidence shows that Durkee did not then have possession of the quarry; but that the defendant was then in the actual possession thereof under a person who claimed title thereto adverse to the plaintiffs. If I am right in this conclusion of fact, there is authority for saying that the plaintiffs were not entitled to recover. (*See MS. opinion of Justice Gray in this cause,* when it was before the general term the first time; *also see* 19 *Barb.* 560.)

But I shall not place the decision on that ground. I shall hold that the plaintiffs were not entitled to recover, for the reason that the right of action for quarrying and taking away the stone was vested in the lessees named in the lease, or whoever had their interest in it.

It follows, that the judgment in the action should be reversed and a new trial granted, costs to abide the event.

Decision accordingly.

[BROOME GENERAL TERM, May 13, 1862. *Balcom, Campbell, Parker* and *Mason,* Justices.]