ROBERT BORELL *et al. v.* STEWART NEWELL *et al.*

A lessee of certain premises entered into a written contract with another, by which the latter agreed to advance the money necessary to fit up the premises in a manner suitable for sub-letting, to collect the rents from the sub-tenants, and after payment of his own advances and the rent due to the lessor, to divide the net income of the premises equally between himself and the lessee.

*Held*, that such an agreement created, in equity, a trust for the lessor's benefit which he was entitled to enforce against the parties to it.

Both principal and agent cannot be sued together on a contract made by the agent in his own name for the benefit of his principal. The party with whom the contract is made, may sue the agent as principal, or if he elect, he may sue the real principal, but he cannot sue both.

SPECIAL TERM, JANUARY, 1870.

THE defendant Newell, being the lessee of the certain premises, entered into a written contract with the defendant Ludlow, by which the latter agreed to advance the money necessary to fit up the premises in a manner suitable for sub-letting; to collect the rents from sub-tenants, and after payment of his own advances and the rent due to the landlord, to divide the net income of the premises equally between himself and Newell.

Ludlow fitted up the premises, accordingly, and collected the rents from the sub-tenants. Newell also collected some of the rents. The plaintiffs, the lessors, brought this action, on a complaint alleging the foregoing facts, and the non-payment of

rent, and alleging the insolvency of Newell and the appoint-ment of a receiver of his interest in the lease, &c., and prayed judgment for the appointment of a receiver to collect the rents from the sub-tenants, for the residue of the term of the lease, and after paying the expenses of collection, &c., to pay over the balance to the plaintiffs.

It was averred in the pleadings and proved in the trial that Newell took the lease from the plaintiffs in his own name, but really as the agent and for the benefit of the Boston Petroleum Co., one of the defendants. The action was tried before DALY, F. J., without a jury.

*John Ely*, for plaintiff.

*E. P. Wheeler*, for defendant.

DALY, F. J.—The plaintiff is entitled to a decree against Newell and Ludlow for the payment of the two quarters' rent due May 1, 1867, with interest, deducting therefrom the $237.50 paid to the receiver. The liability of Newell is founded upon the lease, and that of Ludlow upon the agree-ment in writing entered into between him and Newell, which in equity created a trust for the plaintiffs' benefit, which they are entitled to enforce. (Story's Equity Jurisp. § 1244.) In-deed, if it were necessary, I would be entitled, upon the author-ities, to hold that the plaintiffs could maintain an action against Ludlow directly upon the promise, as made by Ludlow to Newell for the plaintiffs' benefit. (*Burr* v. *Beers*, 24 N. Y. Rep. 180; *Lawrence* v. *Fox*, 20 *Id*. 286; *Scott* v. *Pil-kington*, 15 Abb. Pr. 280.)

If effect is given in equity to the agreement between Ludlow and Newell, and Newell is held amenable in equity upon his obligation as lessee, then there should be no decree for the pay-ment of the rent against the petroleum company, although they allege in their answer that the lease was taken by Newell in his own name for their benefit. If the plaintiffs can charge the petroleum company in equity, it would be upon the ground that they were the real party in interest and the one who

should pay the rent (*Van Schaick* v. *The Third Avenue Railroad Co.* 8 Abb. Pr. R. 383; *Lorrillard* v. *Lorrillard*, 4 *Id.* 210), a conclusion which would dispose of the question of the liability of any other. If an agent make a contract in his own name, the party with whom it is made may sue the agent as principal, or, if he elect to do so, may sue the real principal. He has his option to sue either, but he cannot sue both; for when he sues the principal he affirms the fact that the other was acting simply as an agent. (*Fitzsimmons* v. *Baxter*, *ante*, p. 81; *Priestly* v. *Fernie*, 3 Hurls. & Colt. 983; Story on Agency, 7th ed. 295, last editor's note.) If the plaintiffs, therefore, are to hold Newell upon the lease and Ludlow upon the agreement with Newell, answerable for the rent, they must abandon all claim against the petroleum company, for if they are bound for the rent the others are not.

The suit may be discharged as to the remaining parties, without costs. As to Smith, he consented to such a disposition, and as to the Broadway Bank there was nothing in the complaint that made it necessary for them to appear and contest the claim. My decision as to the extent of the responsibility of Newell and Ludlow necessarily adopts the view of the application of the rents received by the receiver, which the plaintiff has presented. The receiver was not a necessary party, all those for whom he acted officially as the representative being parties to the suit.