DURDIN *vs.* HILL.

When a tenant rents land and agrees to pay the landlord a part of the crop in kind, and actually delivers a part of it, which is afterwards levied on by a general judgment creditor of. the tenant, and claimed by the landlord, the title thereto is in the latter, and is not subject to the judgment against the tenant. If the landlord's lien had been foreclosed, it would be superior to the judgment in claiming a fund arising from the sale of the crop, and when the part of the crop to be paid the landlord in kind is fixed by contract, a voluntary payment and delivery is good, without requiring a foreclosure.

(a.) This case differs from that of *Stallings vs. Harrold, Johnson & Co.*, 60 *Ga.*, 478.

January 26, 1886.

Landlord and Tenant. Title. Crops. Judgments. Levy and Sale. Before Judge LAWSON. Morgan Superior Court. March Term, 1885.

A *fi. fa.* in favor of A. J. Hill against W. D. Durdin, based on a judgment recovered in 1876, was levied on two bales of cotton, the entry reciting that they were found in the defendant's possession. Blanche E. Durdin interposed a claim. On the trial in the county court, a contract between the claimant and the defendant in *fi. fa.*, by which the latter rented of the former the land on which the cotton was raised, for the year 1883, and promised to pay therefor 1,000 pounds of cotton and a certain amount of money for supplies, was introduced. Both the claimant and the defendant testified that, before the levy was made, the defendant had delivered to the claimant the cotton levied on in part payment of the rent, and that afterwards she had sent it to town to be sold by the defendant as her agent, and it was levied on. Counsel for the plaintiff in *fi. fa.* moved to dismiss the claim, on the ground that, conceding this to be true, no title passed free from the judgment. The county judge overruled the motion and held the property not subject. On *certiorari*, this ruling was reversed, and the claimant excepted.

FOSTER & BUTLER, for plaintiff in error.

CALVIN GEORGE, by J. A. BILLUPS, for defendant.

JACKSON, Chief Justice.

· The question made by this record is this: When a tenant rents land, and agrees to pay the landlord a part of the crop in kind, and actually delivers a part of it, which is levied upon by a general judgment creditor after the delivery, and claimed by the landlord, is the title thereto in the landlord, or still in the tenant, subject to judgments against him ?

Upon principle it must be that the tenant may pay his landlord in kind according to his contract with the landlord, and need not wait for the latter to foreclose his lien and levy upon the crop. If the landlord's lien on the crop had been foreclosed, or distress warrant had been issued and this cotton been levied on or the proceeds claimed, there can be no doubt that the landlord's lien would first be paid. Where the part of the crop to be paid the landlord in kind is fixed by contract between the two, why should not the tenant pay in kind by delivery of it, and the landlord not be forced to distrain, when the tenant is willing to pay him without levy or costs ?

By the contract between the two in writing, one thousand pounds of lint cotton was to be paid to the landlord for rent. If he had paid it in money, it being payable in money, certainly it would have been good payment; if in silver, or any sort of money, as bills of certain character, the payment would be good; when it is agreed to be in cotton and is paid in cotton, why is it not good as payment, and why does not the title pass when the payment in cotton is completed by delivery ? We cannot see why title does not pass.

It is true that in *Stallings vs. Harrold, Johnson & Co.,* 60 *Ga.,* 478, relied on by defendant in error, this court deci-

ded that a factor's lien on the crop—the whole crop—for advances, etc., could not be paid by delivery, but that the factor must proceed by foreclosure, and claim the money when the crop was gathered and sold. But that was a factor's lien, not a landlord's. That was a general lien on the crop, not a bargain to pay a part of it in kind. That was no contract to pay in kind at all, but "a certain written obligation, with lien on the crops of all kinds to be raised the then present year." It was nothing but a lien on crops to secure the payment of a draft for money. This is a contract to pay 1,000 pounds of cotton, lint cotton, for rents, and when it was paid—delivered, the only way to pay in cotton—it passed title against all the world to the landlord.

We think, therefore, that the court erred, and that the cotton delivered by the tenant to the landlord in payment of rent in cotton, as stipulated in the contract, belongs to the landlord, the claimant here, and is not subject to the judgment creditor's debt.

Judgment reversed.