McLaughlin v. Kennedy.

49  519
67  171

## CHARLES McLAUGHLIN v. CHRISTOPHER KENNEDY AND JULIUS ERLING.

1. An agreement between a lessee of a farm and another person to cultivate the crops and divide them equally, construed not to give such third person an estate in the lands against the landlord, who had no notice and gave no assent to such agreement.

2. On surrender of the lease to the landlord by the lessee, the landlord may enter without notice to the lessee, or to his joint cropper on the farm.

On rule to show cause.

Argued at February Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff, *S. D. Grimstead.*

For the defendants, *A. H. Strong.*

The opinion of the court was delivered by

SCUDDER, J.   In this action of ejectment, brought by the plaintiff to recover possession of a farm in Franklin township, Somerset county, the defendants filed the statutory plea defending for the whole premises claimed.

On April 21st, 1885, the plaintiff, who owned the farm in question in this suit, leased the same to Kennedy, one of the defendants, for one year from date at a rent of $12 per month. After paying rent for two months Kennedy entered into an agreement in writing, under seal, with McLaughlin, dated July 20th, 1885, by which, in consideration of a full release and discharge of further payment of rent, he surrendered his lease and all claim and demand under it to McLaughlin, his heirs and assigns.   Kennedy made no defence to this action at the trial, but the other defendant, Erling, who occupied the dwelling-house on the farm with Kennedy at the time when the action was brought, or shortly before, defended and claimed

an interest in the farm and right of possession against the plaintiff under an agreement in writing, under seal, made April 24th, 1885, between Kennedy and Erling; by which it was agreed "that each party shall furnish each one-half of all the horses and wagons and farming implements for the purpose of farming upon the land which the said parties have leased of one Charles McLaughlin, situate upon the Easton turnpike, a road leading from New Brunswick towards Bound Brook. And also the said parties agree that all labor shall be equally done by each party, and when said labor shall be hired, the same shall be equally paid by both parties. And also the sale of crops raised upon said farm, when sold, the proceeds shall be equally divided between them," &c.

It is evident that this paper, executed by Kennedy and Erling, did not create a legal estate or interest in the lands leased to Kennedy alone, as against McLaughlin, the lessor. The writing does not purport to be a subletting of the land, but an agreement between the parties for a joint farming and cropping and a division of the proceeds. Such arrangements have been held not to constitute the relation of landlord and tenant, but make the parties joint croppers, or tenants in common, of the crops. *Guest* v. *Updyke*, 2 *Vroom* 552; *Edgar* v. *Jewell*, 5 *Vroom* 259; *New Jersey Midland R. Co.* v. *Van Syckle*, 8 *Vroom* 506; *McQuade* v. *Emmons*, 9 *Vroom* 397; *Taylor* v. *Bradley*, 39 *N. Y.* 129.

On severance of the crops from the land, each of the parties to this agreement would be entitled to his share, but prior thereto the land was in the possession of Kennedy under his lease, and he alone has a legal estate therein by that instrument. The recital in the agreement between Kennedy and Erling, describing the lands as those "which said parties have leased of one Charles McLaughlin," can have no effect against McLaughlin, who is not a party to this instrument, nor does it appear that he ever had any notice or knowledge of it, or gave any assent to its terms.

The effect of a surrender, as between the parties, is that the term thereby granted by the lease is merged and destroyed,

and the lease itself is at an end. The surrender is completed without livery of seizin, and the surrenderee may enter without notice. *Arch. L. & T.* 79.

There was no leasehold interest in these lands created by the subsequent agreement of the tenant, or cropping, that will prevent the plaintiff's entry without notice, for the possession of Erling is nothing more than the possession of Kennedy under his lease.

What the respective rights of the parties to the crops growing on the land may be we have not determined, as that question is not in controversy in this suit.

The finding of the Circuit judge that the legal title and right of possession are in the plaintiff was correct, and the rule to show cause will be discharged, with costs.