55  401
55  404

## DWIGHT M. CONNELL *vs.* GEORGE J. RICHMOND.

New London Co., May T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A farm was let "on shares" for one year, the lessee to manage it for the best interest of both parties, and to pay the lessor at stated times during the term one half of all the moneys received from sales from the farm, and to pay him one half of all profits from the farm, crops and stock, with a pledge of certain stock owned by the lessee as security for his performance of the contract. Held—

1. That the letting on shares meant that the parties were to share equally in the products of the farm.
2. That in such cases the parties were tenants in common of the products of the farm, unless there was some provision to the contrary in the contract.
3. That there was nothing in the present contract to prevent the application of the general rule.

[Argued May 31st—decided July 2d, 1887.]

ACTION for entering a barn occupied by the plaintiff as lessee of a farm, and carrying off a quantity of oats; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas in New London County and tried to the court before *Crump, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is fully stated in the opinion.

*R. M. Douglass*, for the appellant.

*S. S. Thresher* and *L. Brown*, for the appellee.

PARK, C. J. This case depends upon the construction to be given to the contract between the parties as to the occupancy by the plaintiff of a farm of the defendant. The important portion of the contract is as follows:—

"This agreement, made this third day of April, 1886, between George J. Richmond of the first part and Dwight M. Connell of the second part, witnesseth that the said Richmond, in consideration, etc., doth covenant and agree, to and with the said Connell, to let to him on shares that part of the farm," (describing it). "The said Connell agrees not to sell any hay, corn or fodder of any kind, from the farm, to manage it for the best interests of both parties concerned, and to pay to said Richmond on the first day of June, 1886, and every two months thereafter, up to the expiration of the year, one half of the amount of all sales from the farm. And for security to the said Richmond for the fulfillment of this agreement and the payment to him in full of one half of all profits from the farm, crops, stock, hogs, and poultry, I, the said Connell, hereby pledge my stock, consisting of one horse, six cows, three calves and two hogs."

The plaintiff went into possession of the farm under this agreement, and among other crops raised a quantity of oats, a portion of which, not exceeding one half, the defendant took and appropriated to his own use without the plaintiff's consent. It is for this act of the defendant that the plaintiff brings this suit, claiming it to be illegal.

The court below ruled that the agreement constituted the parties tenants in common of the crops, and that consequently the plaintiff could not recover. The correctness of this ruling is the question we have to consider.

The agreement commences with the statement that the defendant agrees with the plaintiff to let to him a certain part of a farm "on shares." Letting land on shares is a phrase well understood among farmers. It means that both parties shall share equally in the products of the land, to

compensate the one for his labor and the other for the use of his land. In such cases, after the crops are harvested and before a division is made, each party is the owner of an undivided moiety of the same and is a tenant in common with the other, unless the contract contains some special provision taking the case out of the general rule. There is no such provision in the present case. It is true that by the terms of the contract the plaintiff was "to pay to the defendant on the first day of June, and every two months thereafter up to the expiration of the year, one half the amount of all sales from the farm." But this provision imposes no obligation on the plaintiff to make such sales, except so far as he was obliged to act "for the best interest of both parties," and that interest might not in his judgment require or allow such sales. A large quantity of the products might therefore remain unsold at the expiration of the year, and clearly the parties would be tenants in common of these products.

The view we have taken of the contract virtually disposes of the other questions made in the case and renders it unnecessary to consider them.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.