## SINGLETON vs. CLACK.

Where a landlord stipulates that he shall receive from the tenant for the rent of the land a part of the crop raised thereon, and the tenant, in discharge of the rent, delivers to the landlord the part of the crop agreed on, the property so delivered is discharged from the lien of any judgment, decree, or other process against the tenant, and is not subject to levy and sale under a general judgment against him.

January 20, 1888.

Landlord and Tenant. Liens. Levy and Sale. Judgments. Before Judge JENKINS. Putnam Superior Court. March Term, 1887.

Reported in the decision.

H. A. JENKINS, by HARRISON & PEEPLES, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

This case originated in the county court, and was carried to the superior court by *certiorari*. Clack was a general judgment creditor of Dennis. Mrs. Singleton rented to Dennis for the year 1886 a certain plantation she owned, for a certain number of pounds of cotton. Dennis delivered to her the cotton, or a portion of it, and after this delivery Clack caused his general judgment execution to be levied upon the cotton. The county court held that it was subject to Clack's judgment, and this was affirmed by the judge of the superior court. We think this was manifest error. The act of December 22, 1884, (acts, 1884–5, p. 91,) covers this case. It is there expressly enacted that, where the landlord stipulates that he shall receive for the rent of the land a part of the crop raised thereon, and the tenant, in discharge of the rent, turns over and delivers to

the landlord the part of the crop agreed on, " said articles so turned over and delivered shall be discharged from the lien of any judgment, decree, or other process whatsoever, against said tenant."

See also the case of *Durdin vs. Hill*, 75 *Ga.* 228.

Judgment reversed.