## MEACHAM *v.* HERNDON, YOUNG & CO.

### (*Nashville.* February 16th, 1888.)

LANDLORD AND TENANT. *Parol modification of written lease. Rights of tenant's mortgagee without notice.*

A *written* lease of land for *one year* provided that the tenant should raise and handle the crop, and deliver one-half of it to the landlord as rents. Before the crop was set the written lease was modified by a *parol* contract, under which it was agreed that the landlord should furnish the tenant's supplies and should retain possession and control of the crop and sell it, and, after paying himself for supplies furnished, should pay one-half the surplus proceeds to the tenant. While the crop, raised under this last contract, was growing, the tenant mortgaged his interest therein. The mortgagee had no actual notice of the terms of the rental contract, but insisted on the written lease.

*Held:* That the parol modification of the written lease was valid, and that the rights of the tenant's mortgagee, even without actual notice of the terms of the rental contract, could not exceed those of the tenant himself in the crop.

Case cited and distinguished: Jones *v.* Chamberlain, 5 Heis., 210.

---

- FROM MONTGOMERY.

---

Appeal in error from Circuit Court of Montgomery County. A. H. MUNFORD, J.

LEACH & SAVAGE for Meacham.

QUARLES & DANIEL for Herndon.

SNODGRASS, J. This is a suit by the mortgagee of the interest of Jack Buscell in a tobacco crop

raised on the land of W. G. Bayless in 1885. Bayless had delivered the entire crop, of the value of $531.20, to Herndon, Young & Co., for sale, and they sold it for the sum mentioned.

Plaintiff Meacham claimed that one-half of this amount belonged to Buscell, and that Buscell had, on the 1st of August, 1885, mortgaged this interest to secure a note to him for $250 of even date with the mortgage. He notified Herndon, Young & Co. of his claim, and demanded payment to him, but, the property having been delivered to them by N. G. Bayless, and sold on his account, they refused to pay him, and he brought this suit before a justice of the peace and obtained a judgment for $135.77. The defendants appealed to the Circuit Court, and there the case was heard without a jury, and a judgment rendered for $15.45, and plaintiff appealed to this Court and assigned errors.

So far as the facts of the case are concerned, the Circuit Judge having passed upon the evidence, it is sufficient to state only so much of them as would sustain his judgment. Under the rule, so long adopted and often announced by this Court, that the judgment of a Circuit Judge will not be reversed upon the facts if there is any evidence upon which it could have been properly based, it is only necessary to refer to and treat as conclusive the evidence upon which he acted, without stopping to discuss any conflicting evidence on the other side. This evidence shows that on October

24th, 1884, Bayless and Buscell entered into a written contract, under which Bayless was to furnish Buscell a house and garden free of rent and twenty or twenty-five acres of tobacco land, thirty-five or forty acres of corn land, and team and tools to cultivate it, and, among other things, not necessary to be recited, Buscell was to gather the crop, strip, and prize the tobacco after it was ready for market, and to have one-half the crop, Bayless the other.

No agreement was then made as to supplies, without which, of course, Buscell would have to furnish himself; and this was, too, the understanding at the time. But afterward—in December following—Buscell went to Bayless, and told him that he thought he had supplies, but had been disappointed and had not obtained them, and, unless Bayless would furnish them to him, he could not raise a crop. A new contract was then made. It was agreed that Bayless should furnish the supplies, and the crop should remain in his possession and under his control and be sold by him, and Buscell paid one-half the proceeds, after deducting the cost of supplies furnished. Two witnesses were called to this contract, and under it the crop was raised and disposed of. The landlord, Bayless, testifies that "the written contract was not the one under which this crop was raised, but this verbal one." The witnesses to this last contract are examined, and prove it as stated.

After the crop was housed, Buscell moved away

without bulking, stripping, or prizing the tobacco, sending Bayless word that he would have nothing more to do with it. Thereupon, Bayless had it prepared for market and sold; and the amount recovered in this case was the amount due Buscell, if the last contract is a valid one, and plaintiff's right under his mortgage of August 1st, 1885— the debt secured in which, except thirty-five dollars, was also for supplies furnished Buscell—taken without actual notice of the contract between Buscell and Bayless is not superior to that of Bayless.

Upon the facts, we hold that Bayless' right is superior to that of plaintiff, and the judgment of the Circuit Judge is correct.

This was not the case of a written contract, by which a crop was to be raised and divided, and a subsequent independent contract made by which a lien was to be retained for supplies furnished, as was the case in *Jones* v. *Chamberlin,* 5 Heis., 210. There the facts were that after such written contract was made and signed, the parties agreed in parol that the tenant's half of the crop should stand good for supplies furnished. Here the same contract in writing is made, but afterward the tenant comes and announces his inability to comply with it before the crop is made; and thereupon a new contract is entered into, perfectly valid and fair, by which the crop is to remain in possession of the landlord, subject to his control and management and disposition, the tenant to receive only one-half of so much of the proceeds as should

remain after the supply account is deducted. This contract would have been valid if made originally, and is equally valid when made, as it was, to supplement or take the place of the original contract.

There can be no objection to so changing an original contract—done, as was this, before the commencement of the year in which the crop was to be raised—as to make it conform to the desires or necessities of the parties; and certainly no outside third party can complain, if in purchasing the tenant's interest he finds himself unable to get more than the tenant was himself entitled to under it. He cannot rely on a want of notice of such contract. It was the one under which the tenant raised the crop he mortgaged, and the mortgagee knows that the tenant has only such interest as he gets under contract with the landlord. He cannot assume that that interest is a net half, and thereby get half in opposition to the agreement, because at one time the landlord and tenant had made an agreement never carried out, but merged in another before the purchaser's right accrued.

In such case no question of innocent purchaser can arise, and some loose references in occasional opinions so indicating have been very misleading. The purchaser knows the tenant's interest is derived through his contract with the landlord, and that he will take so much and no more interest in the crop than that contract gives him. He can readily go to the landlord and ascertain how it is. If he does not do so, he can get, under his con-

Meacham *v.* Herndon.

tract with the tenant, no higher right than the tenant himself has. He cannot be permitted to defeat their contract by a subsequent purchase upon any pretense of innocent purchaser. As shown, there is nothing in the 5th Heiskell case inconsistent with the view expressed in this case, but if there were we should not hesitate to overrule it; and even upon its own facts we do not desire to be understood as approving it.

The petition to rehear is dismissed.

NOTE.—There was no written opinion on the original hearing.

REPORTER.