## David P. Humes, Plff. in Err., v. Augustus Dottermus.

Two persons owned in equal shares a lot of tobacco which was to be sold and the proceeds divided between them. Before the sale occurred, the tobacco was destroyed by fire, and one of the owners collected from an insurance company the whole price of the tobacco upon a policy covering his personal property, the premium upon which had been paid by himself.—*Held,* that the co-owner was entitled to recover from such other owner his proportionate share of the amount paid for the tobacco, less his share of the expense of the insurance.

(Argued February 7, 1888. Decided March 19, 1888.)

January Term, 1887, No. 27, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Chester County to review a judgment in favor of the plaintiff, in an action of covenant. Affirmed.

This action was brought by Augustus Dottermus against

David P. Humes, to recover a part of a fund which the defendant had received on a fire insurance policy which covered certain tobacco owned in common by the parties.

The facts are stated in the charge of the court below as follows:

It appears from the evidence in this case that the plaintiff and defendant entered into an agreement, dated August 13, 1884, for the raising of a crop of tobacco.

Under that agreement the tobacco was to be raised upon land in the occupancy of the defendant, and the plaintiff was to attend to its cultivation and growth. The defendant was to receive credit for any moneys he might advance the plaintiff; and, when the tobacco was sold, he was to retain one half of the proceeds and pay over to the plaintiff the remaining half, less the amount of his indebtedness incurred while the tobacco was being grown and prepared for the market.

There was also a stipulation in the agreement that in the event the tobacco was not sold prior to the first of March, by reason of their not being able to agree upon the price, it was to be divided into two equal shares, the defendant taking one share, with as much of the second share as would pay the plaintiff's indebtedness to him; and the plaintiff was to take the balance of the crop.

The tobacco was raised in the summer of 1884, but was not sold and therefore remained in the tobacco house, where it had been stored, until April, 1885, when a fire occurred and it was destroyed.

It also appears that the defendant had taken out a policy of insurance upon his personal property, some four years previous to the fire, which he had been in the habit of having transferred as he moved from one place to another; that at the time of the fire his farming implements and the tobacco were covered by a policy of insurance against fire, and that the tobacco was also insured against damage by hail under a policy taken out by both parties.

When the insurance company received notice of the fire it sent a committee to the premises; and after a conference with the defendant, it finally agreed to pay him the sum of $1,325, which he accepted in full settlement of the insurance upon the tobacco and his farming implements.

[I instruct you that under the terms of the agreement between the parties, the amount the defendant received for the loss on the tobacco took the place of the tobacco itself and belongs to both parties.]   [1]

The agreement provided that the tobacco was to be raised and prepared for the market, and that when sold, the proceeds were to be divided between the plaintiff and defendant; or, if not sold prior to March first, it was to be divided in the way I have indicated.

[The tobacco was not sold and it was not divided, but remained in the tobacco house; and as it was subsequently destroyed by fire, the proceeds of the insurance stood in the place of the proceeds of its sale; and the plaintiff is entitled to recover his proportionate share, less the amount of his indebtedness to the defendant and his share of the expense of the insurance.] [2]

The defendant submitted this point:

"Under the evidence in this case the jury must find for the defendant."

Ans. Refused.   [3]

The assignments of error specified:  (1, 2)  The portions of the charge included within brackets; and (3) the answer to defendant's point.

*Wm. M. Hayes* for plaintiff in error.

*John A. Coyle* and *Thomas & William Butler* for defendant in error.

PER CURIAM:

The only question of any moment, in this case, was as to the amount of money which Humes received from the insurance company on account of the tobacco, and that was properly referred to the jury.  It is certainly a very plain proposition that if Humes received the whole price of the tobacco, he got the proceeds of that which belonged to Dottermus, as well as that which belonged to himself, and could not, therefore, refuse to account for that which was owned by his co-owner.

Judgment affirmed.