RAWLINS *et al. vs.* BUSH & BROTHER.

1. Where, on the trial of the issue formed by a counter-affidavit interposed to a distress warrant, one question was whether the rent

was due or not, and the rent contract provided that the rent to be paid should be one-half of the crops raised on the rented farm, but specified no time when the payment should be made, it was material to determine whether or not a reasonable time had elapsed after the maturity of the crops for the tenants to have gathered them before the distress warrant was sued out, which was on October 31st, while some of the crops were in the field; and on this point it was competent for the tenants to show, that by reason of the unusually unhealthy condition of the rented place, and the sickness of the tenant who was in control of the farm, and members of his family and of laborers on the farm, so much time was lost by them as to interfere materially with making and gathering the crops.

2. The amount of the crops raised being in question, such evidence was also admissible as throwing light thereon. If any loss in the amount made and gathered on the place occurred by reason of the fact that the crops were not gathered in time, the tenants might show that such loss did not occur by reason of any fault or neglect on their part, but by reason of providential interference.

3. There was no material error in the rulings complained of in the other grounds of the motion for a new trial.

March 23, 1888.

Distress warrant. Crops. Landlord and tenant. Before Judge KIBBEE. Pulaski superior court. May term, 1887.

Reported in the decision.

W. L. GRICE and T. C. TAYLOR, for plaintiffs in error.

A. C. PATE, by J. H. LUMPKIN, *contra.*

BLANDFORD, Justice.

Bush & Brother sued out a distress warrant for rent, upon two grounds: (1) that the rent was due; and (2) that the tenants were removing their property from the premises. Rawlins and Horne, the tenants, filed a counter-affidavit, in which they averred that the rent was not due, and that they were not removing their property from the premises. The case went to the jury, and the jury found in favor of the plaintiffs. The tenants moved for a new

Rawlins *et al. vs* Bush & Brother.

trial upon several grounds, which the court refused; whereupon they excepted.

1. It appears from the record that Bush & Brother rented a certain plantation to Rawlins and Horne, and also allowed them the use of certain mules and other personal property on the place; for which the landlords were to receive half of all the crops made on the premises. The premises were rented for the year 1885; the distress warrant was sued out on the 31st of October of that year. When counsel for the tenants opened the defence to the jury, he proceeded to state that he expected to show by the evidence that, by reason of the unusually unhealthy condition of the rented place, and the sickness of the tenant, Rawlins and members of his family, and of the laborers employed on the place, so much time was lost by them as to interfere materially with the making and gathering of the crops. Counsel was thereupon stopped by the court, and was informed that this testimony would not be admitted; that there was no plea which authorized it; and besides, that no such plea would be allowed. This action of the court is excepted to in one of the grounds of the motion for new trial. We think the court erred in this ruling. A distinct issue was made by the counter-affidavit that the rent was not due. The contract for rent did not specify the time at which the rent should become due, but simply provided that the tenants should pay as rent " one-half of the crops grown on said farm, the cotton ginned and baled, and other crops in the barn." It was therefore a material question whether or not a reasonable time had elapsed after the maturity of the crops before the suing out of the distress warrant, for the tenants to have gathered the crops and turned them over to the landlords.

2. Another question submitted to the jury was the amount of the crop made upon the premises and the amount due for rent; and upon this question we think the testimony would also be material. If any loss in the amount of the crops made and gathered on the place oc-

curred by reason of the fact that the crops were not gath, ered in time, we think the tenants were entitled to show that such loss occurred, not by reason of any fault or neg- lect on their part, but by reason of providential interfer- ence. We think that no further plea was necessary to au, thorize this testimony to go to the jury. Another ground of the motion states that at a latter stage of the case, the court refused to allow testimony, when offered, to the ef, fect above set out.

3. As to the remaining grounds of the motion, we find no material error in the rulings of the court therein com- plained of. But for the reasons already stated, we think the court erred in refusing to grant a new trial; and the judgment is therefore reversed.