DWIGHT B. BAKER AND JAMES KEEGAN, RESPONDENTS,
*v.* CHARLES HART AND JAMES HART, APPELLANTS.

*Lease of a stone quarry — right of action against one removing stone therefrom — measure of damages*

In an action, brought by the lessees of certain lands in the county of Rockland, under a lease which gave to them the exclusive right to the demised premises, and the sole and exclusive right to quarry and remove stone therefrom during the term of ten years, it appeared that the defendants, who were lessees of an adjoining lot from the same lessor, entered upon the quarry of the plaintiffs and dug out a quantity of stone, cut them and took them to New York.

Upon the trial of the action at the circuit the defendants moved to dismiss the complaint on the ground that the instrument under which the plaintiffs held the quarry conveyed to them no title to the stone which they did not take out, and only gave them the right to stone which they took out themselves.

*Held*, that the motion was properly denied.

That the plaintiffs had an interest in all the stone in the quarry, and as that was their only source of profit under the lease it gave them a right of action for the wrongful conversion of the stone in question by the defendants.

The defendants insisted that the plaintiffs could only recover the value of the stone in the quarry.

*Held*, that the plaintiffs were properly permitted to give evidence of the value of the stone after they were cut by the defendants and transported to their place of destination, and to recover the damages arising from its increased value.

*Betts* v. *Lee* (5 Johns., 348); *Baker* v. *Wheeler* (8 Wend., 505); *Silsbury* v. *McCoon* (3 N. Y., 379); *Guchenheimer* v. *Angevine* (81 id., 397) followed.

APPEAL by the defendants from a judgment recovered at the Rockland Circuit, which was entered in the office of the clerk of said county on October 15, 1888, and from an order entered in the said clerk's office on the 31st day of October, 1888, denying a motion for a new trial made by the defendants upon the minutes of the justice presiding at the trial.

*Johnson & Lamb*, for the appellants.

*Alexander B. Butts* and *C. P. Hoffman*, for the respondents.

DYKMAN, J. :

The plaintiffs are lessees of certain lands in the county of Rockland, under a lease which gives them the exclusive right to the

demised premises and the sole and exclusive right to quarry and remove stone therefrom during the term of ten years.

The defendants are lessees of an adjoining lot from the same lessor, and they entered upon the quarry of the plaintiffs and took out a quantity of stone and cut them and took them to New York, and this action was brought for the recovery of the value of the stones so taken. The cause was tried at the circuit and a verdict was rendered in favor of the plaintiffs, and the defendants have appealed from the judgment entered upon the verdict and from the order denying the motion for a new trial upon the minutes of the court. Upon the trial at the circuit the defendants contended against the right of the plaintiffs to recover damages for the conversion of the stone in question, because the instrument under which they held the quarry conveyed to them no title to stone which they did not take out, and only gave them the right to stone which they took out themselves, and a motion was made in the early stage of the trial to dismiss the complaint on that ground. That motion was denied, and we think the ruling was not erroneous. The defendants were trespassers and wrong-doers, and, as such, appropriated the stone to which the plaintiffs had a right. They had an interest in all the stone in their quarry, and that was their only source of profit under their lease, and such interest gave them a right of action for the wrongful conversion of the stone in question by the defendants.

The principal objection of the appellants, however, is lodged against the measure of damages adopted by the trial court. The defendants insisted that the plaintiffs could only recover the value of the stone in the quarry, while the plaintiffs were permitted to give evidence of their value after they were cut by the defendants and transported to their place of destination. The charge is not printed, but the question is sufficiently presented by exceptions taken during the trial and opens a very interesting subject. The liability incurred by the wrongful conversion of personal property, and its change in form or value by the wrong-doer, is well settled under the common law as it was under the civil law. So long as the property retains its original form or substance it belongs to the original owner, without reference to its improvement or the enhanced value imparted to it by the person guilty of the conversion. Our law, like the

Roman law, treats those who expend money or labor upon property wrongfully taken by them as volunteer servants of the owner. So far the authorities, both English and American, seem to be harmonious and in accord with the rule of the civil law (Year Books, 5 Hen. 7, fol. 15; 2 Bl. Com., 404; 2 Kent's Com., 363; *Betts* v. *Lee*, 5 Johns., 348; *Baker* v. *Wheeler*, 8 Wend., 505; *Silsbury* v. *McCoon*, 3 N. Y., 379; *Guckenheimer* v. *Angevine*, 81 id., 397); and the rule of damages deduced from the principles of law is this, as the owner may recover his property in its improved condition specifically, he may, therefore, when driven to his action for damages, recover its increased value.

There has been some disagreement in our courts, in cases of this character, respecting the rule to be adopted when the identity of the property has been destroyed by its conversion into a different species, as where wine is made from another's grapes. But even in such cases, and in respect to such property, the only exception to the general rule with us is in favor of an innocent purchaser or holder, and there is no distinction in favor of a wrong-doer. He can acquire no property in the goods of another by any change wrought in them by his labor or skill, provided that the improved article was made from the original material. (*Silsbury* v. *McCoon*, 3 N. Y., 379.)

It follows that the rule of damages adopted at the circuit was correct, and, as we find no errors, the judgment and order denying the motion for the new trial should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.