## LOUIS NUERNBERGER
### v.
## EDWARD VON DER HEIDT.

*Landlord and Tenant—Farm Hands—Crop Rent—Distress for—Sale of Growing Crops—Notice.*

In distress proceedings instituted to recover certain rent claimed under a lease providing for a crop rent in part, for certain lands, the contention on the part of the lessee being that he had purchased such rental before the sale of the property in question to the plaintiff, this court holds that as between the grantor and the lessee, growing crops might be sold by parol contract, and declines to interfere with the judgment for the defendant, it appearing that the plaintiff had notice of the sale before the completion of the contract of purchase of said lands.

[Opinion filed February 26, 1891.]

APPEAL from the Circuit Court of St. Clair County; the Hon. GEORGE W. WALL, Judge, presiding.

On the first day of August, 1888, one Elizabeth Ballheimer leased to her uncle, the appellee, a tract of land in St. Clair county, Illinois, for a term of three years. The stipulated rental was $75 in cash, and one-third of the wheat raised on the premises, all payable on August 1st of each year. The lease was in writing and filed for record February 9, 1889. Subsequently, on the 4th day of April, 1889, the above lessor, for a consideration of $6,600, conveyed the same tract of land to appellant by warranty deed. The deed was filed for record on the 5th day of April, 1889. All of the rent fell due long after appellant acquired the fee simple title, and at the time it was due, the $75 cash rent stipulated in the lease, was paid to the appellant, but on a demand made at the proper time, when the wheat was being threshed, the appellee refused to deliver to appellant the one-third of the wheat, and thereupon he began proceedings for distress. On the trial the appellee interposed the sole defense that he had purchased the one-third wheat rental from the appellant's grantor before the

Nuernberger v. Von Der Heidt.

execution of the deed to appellant.   The trial was before the court without a jury, who found the issues against appellant and awarded a return of the property.

Mr. FRANKLIN A. McCONAUGHY, for appellant.

Messrs. HAY & BARTHEL, for appellee.

PHILLIPS, P. J.   It is urged as grounds for reversal of this judgment, that the evidence does not show a sale of the interest in the crops by appellant's grantor.   And secondly, that the grantor of appellant while the landlord of appellee, had no property in the wheat which could be the subject-matter of sale by fraud.

As between landlord and tenant, between debtor and creditor, and under our statute between executor and heir, growing crops are personal property.   But between a trespasser and the owner of the soil, and a vendor and a vendee, they are real estate.   Powell v. Rich, 41 Ill. 466.   As between the grantor of appellant as the landlord of appellee, and appellee as her tenant, growing crops, being personal property, may be sold by parol contract.   The evidence in this case shows the grantor of appellant sold her interest in the growing wheat to appellee, while she was still the landlord of appellee; and the weight of proof shows that appellant had notice of that sale before the completion of the contract of purchase.   Appellee was in possession of the premises, and the appellant having notice of the sale, the judgment must be affirmed.

*Judgment affirmed.*