[No. 14724.   Department One. — July 14, 1892.]

D. W. SHAW, RESPONDENT, v. RUDOLPH MAYER,
APPELLANT.

CONTRACT FOR CROP TO BE SOWN — RIGHT TO VOLUNTEER CROP ON LAND
NOT SOWN. — Under a contract by the terms of which the owner of land
agreed to furnish 140 acres of land, "more or less," to another person to
sow in wheat, in consideration of an interest in the crop, and the latter
agreed "to plow and put in wheat the above-mentioned land, in good
farmer-like style," whether such contract be considered a lease or a crop-
ping contract, the person sowing the crop has no right in any of the land
except that which he sows in wheat, and is not entitled to any part of
a volunteer crop growing upon a part of the 140 acres not sown in wheat
by him.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County, and from an order denying a new
trial.

The facts are stated in the opinion.

*W. H. Spencer*, for Appellant.

*Graves & Graves*, for Respondent.

FOOTE, C. — It appears from the record here that the defendant Mayer entered into a written contract with one Pond, which is as follows: —

"Articles of agreement entered into this eighteenth day of October, 1889, between J. H. Pond and Rudolph Mayer. I, J. H. Pond, party of the first part, hereby agree to furnish to R. Mayer 140 acres of land, more or less, to sow in wheat the coming season; in consideration I shall receive one fifth (1-5) of the crop, delivered in Paso Robles, clear of all expenses pertaining thereto. I, Rudolph Mayer, party of the second part, agree to plow and put in wheat the above-mentioned land, in good farmer-like style, and in due time for the season of 1889 and 1890, to furnish seed, and all expenses appertaining thereto.

"In witness, we have attached our signatures.

"J. H. POND.<br>"RUDOLPH MAYER."

Pond, the admitted owner of this land when the above contract was made, sold it to the plaintiff, Shaw, by proper conveyance, in February, 1890. Shaw also at that date obtained from Pond an assignment of the agreement between the latter and defendant. Mayer only sowed in wheat nineteen acres of the land included in the contract, and upon ninety-five acres of it there grew a volunteer crop of that grain.

Before any of the crops were harvested, the plaintiff notified the defendant not to cut any of the volunteer crop of grain. But this notice was disregarded, and the defendant harvested and thrashed all of the grain, — that sowed by him, and the volunteer crop as well. In the aggregate, there were 372 sacks of wheat and 21 sacks of screenings. It appears that the volunteer crop was

about the same per acre as the sown crop.  The plaintiff
brought an action of claim and delivery for the 372 sacks
of wheat and the screenings.  The jury who tried the
case found, under the instructions of the court, that he
was the owner and entitled to recover 250 sacks of wheat
and six sacks of screenings, and that they were of the
value of $250.  In pursuance of the statute in such
cases, an alternative judgment for plaintiff following the
verdict was entered.  From that, and an order denying
a new trial, this appeal is taken.

The argument for appellant is, that the contract was a
lease of 140 acres of land, and that the defendant was
entitled to his share of all that grew on the whole tract,
whether sowed in wheat or not, and that, being a tenant
in common with the plaintiff, the latter could not main-
tain this action.  And because the court below refused
to grant a nonsuit on the motion of the defendant, and
gave instructions to the jury not in accord with the
theory of the defendant, it is claimed that the judgment
and order should be reversed, and a new trial granted.

The whole question involved is one, we think, to be
determined from the language of the written contract
between Pond and Mayer.  As we construe that instru-
ment, whether it be called a lease or a cropping con-
tract, the defendant has no right in any of the land, ex-
cept that which he sowed in wheat.  As to the land which
he did not sow, he was not entitled to anything which
grew upon or was harvested therefrom.  The whole idea
pervading the contract is, that as to so much of the 140
acres as the defendant sowed in wheat, he was to have
a certain fixed portion of the crop grown thereon, and
the owner of the land, who furnished it to be sown in
wheat, the balance.  As to the other part of the land,
*not sown in wheat* by the defendant, he had no interest
in it or what grew upon it.  Having harvested, thrashed,
and taken into his possession the wheat that voluntarily
grew on the land of the plaintiff, the defendant was lia-
ble in the action brought against him, and the recovery
had against him should be upheld.

We therefore advise that the judgment and order be be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.