Dwight, P. J.
The plaintiff took the farm of the defendants to work on shares for a term of five years from April 1, 1891. The contract was in writing and contained the following provision: “ The parties of the first part reserve the right to sell this farm at any time during said term, and the party of the second part agrees to surrender possession of the same on April 1st, in any year of said term, in case said sale is made, and the parties of the first -part hereby agree to pay any damages that the party of the second part may sustain by reason of a sale, said damage to be determined, if the parties cannot agree, by each party selecting a man who shall assess the damages.”
Under the right thus reserved the defendants made a *217 sale of the farm during the first year of the term, and the plaintiff, in performance of the same provision of the contract on his part, surrendered the possession on April I, 1892. Shortly afterwards he called upon the defendants to select a person on their part to act as appraiser of his ■damages, and, upon their declining to do so, he brought this action.
The action was for the value of that portion of the term which was surrendered by the plaintiff ; and this, we have no doubt, he was entitled to recover under the terms o’f his contract. The defendants’ right to sell the farm during the term is reserved on the condition that they pay the plaintiff his damages caused by such sale; and the plaintiff’s agreement to surrender the possession is on the ■condition that he be paid such damages. The defendants’ obligation, under the contract, to pay damages, is as binding as if it arose from a violation of the contract on their part.
The only question in the case is, therefore, what are the •damages to be paid, how ascertained and how measured. The contract says : “ Any damages that the party of the second party may sustain by reason of a sale.” That means any damages directly or proximately consequent upon, or resulting from a sale. And that the loss of his term, of the rights and privileges which he would otherwise have enjoyed during the term, is to be, mainly, the basis of such damages, cannot well be doubted. And what ■are those rights and privileges ? Clearly, among others, the right and privilege to work the farm for four years more, and to make out of it all the gain and profit which it was capable of affording. The measure of the plaintiff’s damages, then, is the value of the term surrendered, and the value of the term depends upon the capacity of the farm to yield a profit to the man who works it under the contract which the plaintiff held in this case.
Granting, what we have assumed, that the liability of the defendants is the same under a contract by which they *218 stipulated to pay damages in case of a sale, as it would have been had they made a sale in violation of the contract, then the case of Taylor v. Bradley (39 N. Y. 129) is-authority for the plaintiff’s contention upon nearly every question arising in this case. And its doctrine is, in great' measure, reaffirmed in the case of Wakeman v. Wheeler & W. S. M. Co. (101 N. Y. 205). Both of these were cases of damages resulting to the plaintiff from a breach of the contract. In the former of them the contract was of the same character as in this case, viz., the letting of a farm to-work on shares, and the court held, in an elaborate opinion by WOODRUFF, J., that the plaintiff was entitled to recover as damages the value of his contract, i. e., what such "a privilege of occupying and working the farm was worth, subject to the conditions of the agreement, and under all the contingencies which were liable to affect the result. “ His damages are what he lost by being deprived of his chance of profit.” Also, that such damages might be recovered immediately upon the refusal of the defendant to perform the agreement; and in the case of Wakeman v„ The Wheeler & W. Sewing Machine Company the same rule was applied to the estimate of damages for the breach of a contract, to give the plaintiff the exclusive privilege to sell machines in certain territory, and to furnish him the machines for such sales as he should make therein. Both of these cases are very instructive in respect to the limitations to be put upon the rule that speculative and uncertain damages cannot be recovered ; and, at least in the latter of them, the admission of evidence was approved which showed something of the extent and -profit of the plaintiff’s business so far as he was enabled to prosecute it, as tending to show what it might have been in case of full performance of the contract on the part of the defendant,, and that the case was not one for expert or opinion evidence as to what machines might have been sold and what profits made. The rule of the latter case as to the allow *219 anee of prospective profits and the mode of estimating them, was adopted in Dart v. Laimbeer (107 N. Y. 664).
This case was, we think, submitted to the jury in a charge very carefully in accord with the principles established by the cases above cited. The jury was instructed that the profits of the year during which the plaintiff had the benefit of his contract were not to be taken as the measure of the profits which might have been realized in the four succeeding years, but as facts which might aid the jury in estimating the value of the contract one year with another ; and it would seem that under the careful instructions of the court the jury did not go very far astray into the region of speculation and conjecture. Their verdict was for $1,500, which fixes the value of the plaintiff’s contract at $375 a year, not an extravagant profit to be realized over and above the expenditure of labor and care, enterprise and responsibility involved in the management of a farm of 234 acres of fertile and highly improved land.
We find no error in the case which should vitiate this verdict.
The judgment and order appealed from should be affirmed.
Lewis and Haight, JJ., concurred.
Judgment and order appealed from affirmed.
note on leases and other contracts for farming on shares.
The lease in this case, which will be suggestive as a precedent, •was as follows:
“ This indenture [etc., designating the parties and their residences in the ustmlform \:
Witnesseth, that the said parties of the first part hereby agree to and with the said party of the second part to let, and by these presents do let, unto the party of the second part, to be worked upon shares, their home-farm, so called, situated in the said town, consisting of about two hundred and thirty-four acres of land, *220 for and during the term of five years from April i, 1891, which term will end March 31, 1896. In consideration whereof the said party of the second part hereby agrees to and with the said party of the first part to occupy, till and work upon shares the said farm during the term aforesaid, in a good, workman-like manner [see,Young v. Gay, 41 La. Am. 758; s. c., 6 So. Rep, 608; Shaw v. Mager, 95 Cal. 301; s. c., 30 Pac. Rep. 541], and he further agrees that he will not commit any waste or damage or suffer any to be done; that he will furnish one-half of all the seed, including grass and clover seed, to be sown on said premises during said time, and the parties of the first part agree to furnish the other one-half. The. party of the second part is to do all the work on said farm and market all the crops, and divide the proceeds derived therefrom equally between the parties of the first part and himself; and in case the parties of the first part should not be willing to market their one-half, after suitable consultation by the party of the second part with them, the party of the second part has the right to sell his one-half and to put the share of the parties of the first part in store, or leave the same in the bins. The parties of the first part are to pay the County and State taxes during said term, and the party of the second part is to pay the road and school taxes, but said school taxes are not to mean any extra taxes for buildings, etc. Each party is to furnish one-half of all stock to be kept on said farm during said term, which, with the increase there■of, are to be owned in common, except that the party of the second part has the right to keep two cows and such a number of horses .as may be necessary to properly work said farm, and the pasture, hay and straw necessary for the keep of said two. cows and the horses comes from undivided pasture, hay and straw, but • whatever grain he shall feed shall be from his own share of the same. The party of the second part shall keep the fences on said farm in good repair, and whatever new fence that may be necessary he shall build the same, but the materials therefor shall be furnished by the parties of the first part, and whatever new posts he may need, he shall cut from the logs furnished by the parties of the first part. The party of the second part has the privilege during the term of ■cutting and marketing seventy-five cords of wood each year, one-half of which shall belong to each party. The party of the second part has the right to cut sufficient fire-wood for his family use during said term. The wood to be cut upon shares shall be cut from the north side of the woods, but in no event shall there be any cut south of the lane. Each party is to pay for one-half of all .fertilizers to be used on said farm during said term, except that the *221 parties of the first part shall pay for all the plaster used, and the party of the second part shall draw and sow the same. Each party shall have sufficient fruit for family use, and-the party of the second part shall pick, harvest, and market the balance, and divide the proceeds equally between the parties of the first part and himself. The wheat now on the ground shall be cut and harvested by the party of the second part, and he shall have one-half of the proceeds of the same, and the fall before the expiration of this contract the party of the second part shall sow and leave upon the farm for the use of the parties of the first part twenty acres, which is about the number of acres of wheat now on the ground. All fowls on the place are to be owned in common, and the proceeds are to be equally divided, and they are to be fed from undivided grain. The parties of the first part reserve the right to sell this farm at any time during said term, and the party of the second part agrees to-surrender possession of the same on April ist of any year during said term, in case said sale is made, and the parties of the first part hereby agree to pay any damages that the party of the second part may sustain by reason of a sale, said damage to be determined, if the parties cannot agree, by each party selecting a man who shall assess the damages. The parties of the first part reserve one or two rooms in the house for storage purposes, and a room in the horse barn ; the rooms in the house to be agreed upon hereafter. It is further agreed that the parties of the first part shall leave sufficient hay and straw to carry the stock until pasture, and the party of the second part is to leave the same amount at the expiration of this lease.
[Signatures.]
The following cases on contracts of this nature will be useful to the practitioner : •
1. As to the general nature of the contract, see Loomis v. O’Neal, 73 Mich. 582; s. c., 41 N. W. Rep. 701; Jones v. Durrer, 96 Cal. 95; s. c., 30 Pac. Rep. 1027; De Vaughn v. Howell, 82 Ga. 336; s. c., 9 S. E. Rep. 173; Almand v. Scott, 80 Ga. 95; s. c., 4 S. E. Rep. 892; Perry v. Beaupré, 6 Dak. 49; s. c., 50 N. W. Rep. 400; Raymond v. Krauskopf (Iowa), 54 N. W. Rep. 432; Meacham v. Herndon, 2 Pick. (Tenn.) 366; s. c., 6 S. W. Rep. 741; Reynolds v. Reynolds, 48 Hun, 142; Vaughn v. De Wandler, 63 How. Pr. 378; Schroeppel v. Dingman, 17 Weekly Dig. 257; Gilmore v. Ontario Iron Co., 22 Hun, 391 ; Roberts v. Cone, 3 Alb. L.J. 151; Andrew v. Newcomb, 32 N. Y. 417; Taylor v. Bradley, 4 Abb. Ct. App. Dec. 363; Wilber v. Sisson, 53 Barb. 258; Tanner v. Hills, 48 *222 N. Y. 662; rev’g, 44 Barb. 428; Bradish v. Schenck, 8 Johns. 151; People v. Smith, 3 How. Pr. 226; De Mott v. Hagerman, 8 Cow. 220; Caswell v. Districh, 15 Wend. 379; Wright v. Mosher, 16 How, Pr. 454; Putnam v. Wise, 1 Hill, 234; Dinehart v. Wilson, 15 Barb. 595; Harrower v. Heath, 19 Barb. 331; Coe v. Hobby, 72 N. Y. 141; Unglish v. Marvin, 128 N. Y. 380; Coudert v. Cohn, 118 N. Y. 309; Talamo v. Spitzmiller, 120 N. Y. 37; Harft v. Tonnelli, 30 State Rep. 859; Woodward v. Conder, 33 Mo. App. 147; Hammock v. Creekmore, 48 Ark. 265; s. c., 3 S. W. Rep. 180; Parkes v. Webb, 48 Ark. 293; s. c., 3 S. W. Rep. 521; McElmurray v. Furner, 86 Ga. 215; Kyte v. Keller, 76 Iowa, 34; s. c., 39 N. W. Rep. 928; Tautlinger v. Sullivan, 80 Iowa, 218; s. c., 45 N. W. Rep. 765; Lawrence v. Weeks, 107 N. C. 119; Smith v. Schultz, 89 Cal. 526; s. c., 26 Pac. Rep. 1087; Bryant v. Pugh, 86 Ga. 525; s. c., 12 5. E. Rep. 927; McLaughlin v. Kennedy, 49 N. J. L. 519; s. c., 10 Atl. Rep. 391.
2. As to lease of land and chattels, see Zule v. Zule, 24 Wend. 76.
3. As to house and buildings, see Hanaw v. Bailey, 83 Mich. 24; s. c., 46 N. W. Rep. 1039; Hay v. Cumberland, 25 Barb. 594; Fort v. Brown, 46 Barb. 366; Doyle v. Gibbs, 6 Lans. 180; Kerrains v. People, 60 N. Y. 221; s. c., 19 Am. Rep. 158; rev’g on another point, 1 Supm. Ct. 333; Hoffman v. Hoffman, 44 State Rep. 660; s. c., 18 N. Y. Supp. 387; McNutt v. Shafer, 34 State Rep. 661.
4. As to qtiarry, clay-bed, etc., see Baker v. Hart, 52 Hun, 363; s. c., 5 N. Y. Supp. 345; Freer v. Stotenfur, 2 Abb. Ct. App. Dec. 189; rev’g 36 Barb. 641; Smith v. Palmer, 13 Weekly Dig. 201.
5. As to the products in general, see Burdick v. Washburn, 53 Barb. 397; s. c., 36 How. Pr. 468; Hobbs v. Wetherwax, 38 How. Pr. 385; Brooks v. Galster, 51 Barb. 196; Van Hoozer v. Cory, 34 Barb. 9; McCombs v. Becker, 3 Hun, 342; s. c., 5 Supm. Ct. (T. & C.) 550; Hawkins v. Giles, 45 Id. 318; Betsinger v. Schuyler, 46 Id. 349; Clarke v. Quinn, 21 Weekly Dig. 110; Welton v. Holmes, 6 State Rep. 546; Briggs v. Austin, 29 State Rep. 245; s. c. 8 N. Y. Supp. 786, Harder v. Plass, 57 Hun, 540; Briggs v. Austin, 129 N. Y. 208; s. c., 41 State Rep. 378; Colville v. Miles, 127 N. Y. 159; s. c., 38 State Rep. 132.
6. As to firewood, see Verplanck v. Wright, 23 Wend. 506; Bleecker v. Smith, 13 Id. 530.
7. As to covenant to farm, etc., see Young v. Gay, 41 La. Am. 758; s. c., 6 So. Rep. 608; Shaw v. Mayer, 95 Cal. 301; s. c., 30 Pac. Rep. 541; Scott v. Haverstraw, etc., Co., 135 N. Y. 141; s. c. below, 42 State Rep. 804; McCulloch v. Dobson, 133 N. Y. 114.
*223 8. As to title to the growing crops, see Wadley v. Williams, 75 Ga. 272; Connell v. Richmond, 55 Conn. 401; Adams v. State, 87 Ala. 89; s. c., 6 So. Rep. 270; Rich v. Hobson (N. C.), 16 S. E. Rep. 931; Riddle v. Hodge, 83 Ga. 173; Pelton v. Draper, 61 Vt. 364; s. c., 17 Atl. Rep. 494; Farnum v. Hefner, 79 Cal. 575; s. c., 21 Pac. Rep. 955; Daniel v. Harris, 84 Ga. 479; s. c., 10 S. E. Rep. 1013; Stickney v. Stickney, 77 Iowa, 699; s. c., 42 N. W. Rep. 518; Culverhouse v. Worts, 32 Mo. App. 419; Hopper v. Haines, 71 Md. 64; s. c., 18 Atl. Rep. 29; 20 Atl. Rep. 159; Humes v. Dottermus (Pa.), 13 Atl. Rep. 78.
9. As to delivery, see Singleton v. Clack, 79 Ga. 523; Durdin v. Hill, 75 Id. 228; Smith v. Tindall, 107 N. C. 88; s. c., 12 S. E. Rep. 121; Wood v. Noack (Wis.), 54 N. W. Rep. 785; Rawlins v. Bush (1888), 80 Ga. 588; s. c., 5 S. E. Rep. 634,
10. As to title to mature crop, see Nuernberger v. Von Der Heidt, 39 Ill. App. 404; Constantine v. Wake, 1 Sweeny, 239; Jencks v. Smith, 1 N. Y. (Comst.) 90; Harrower v. Heath, 19 Barb. 331; Borell v. Newell, 3 Daly, 233; Gregg v. Boyd, 69 Hun, 588.
11. As to lien, see Wisner v. Ocumpaugh, 71 N. Y. 113; Hess v. Sprague, 13 Weekly Dig. 164; Barber v. Marble, 2 Supm. Ct. (T. & C.) 114; McCaffrey v. Woodin, 65 N. Y. 459; s. c., 22 Am. R. 644, with note; rev’g 62 Barb. 316; Hale v. Omaha Nat. Bk., 39 Super. Ct. (J. & S.) 207; aff’g 47 How. Pr. 201, and aff’d in 64 N. Y. 550, but on other grounds; Thomas v. Bacon, 34 Hun, 88; Smith v. Taber, 46 Id. 313; Streeter v. Ward, 12 State Rep. 333; Gregg v. Boyd, 69 Hun, 588; Bleakley v. Sullivan, 62 Id. 243.
12. As to forfeiture, see Harrison v. Clifton, 75 Iowa, 736; s. c., 38 N. W. Rep. 406; Koeleg v. Phelps, 80 Mich. 466; s. c., 45 N. W. Rep. 350; Farnum v. Hefner, 79 Cal. 575; s. c., 21 Pac. Rep. 955; Collier v. Cunningham, 2 Ind. App. 254; s. c., 28 N. E. Rep. 341; Jones v. Durrer, 96 Cal. 95; s, c., 30 Pac. Rep. 1027; Eaton v. Wilcox, 42 Hun, 61.
13. As to re-entry, see Haywood v. Miller, 3 Hill, go.
14. As to apportionment, see Kent County Mut. Ins. Co. v. Burrows (Superior Court), 6 Houston (Del.), 355.
15. As to the effect of abandonment, see Kiplinger v. Green, 61 Mich. 340; s. c., 45 N. W. Rep. 350.
For a note on mining and exploitation leases, see 26 Abb. N. C. 201.
As to covenants to pay taxes, assessments, etc., see note in 29 Abb. N. C. 161.