PAYNE *vs.* HOLT.

The evidence was sufficient to warrant the verdict in every respect, including the relation of landlord and tenant, the removal of some of the crop from the premises, the amount and value of the crop, etc.

New trial. Before Judge WRIGHT. Dougherty Superior Court. April adjourned Term, 1878.

On September 22d, 1876, James R. Holt sued out a distress warrant against Bush Payne, alleging in his affidavit that the latter was indebted to him in the sum of $230.00 for rent of the Peak plantation, to be paid as soon as corn and cotton is and can be gathered; that Payne was seeking to remove, and was removing his property and goods from the premises, etc. A levy was made, illegality filed—denying tenancy and indebtedness—and replevy bond given.

The jury found for the plaintiff $75.00. The defendant moved for a new trial upon various grounds, all of which, together with the evidence, are omitted here as immaterial, no question of law being involved in the decision. The motion was overruled and the defendant excepted.

D. H. POPE; W. T. JONES, for plaintiff in errror.

C. B. WOOTEN; STROZER & SMITH, for defendant.

BLECKLEY, Justice.

It is not often that a case is tried where there is not more or less conflict in the evidence. One of the chief functions of the jury, is to deal with and settle such conflict as there

may happen to be.    The verdict is always a sure index to the mind of the jury as to where the truth really lies.    In this case, the jury found for the plaintiff only $75.00, and such a verdict was, we think, warranted by the testimony. The plaintiff had rented or obtained control of the premises from James, and being thus possessed of them, he sublet them to Payne, the defendant, the terms being that the plaintiff was to furnish mules, etc., and have half the crop. Between the parties to the sub-letting the relation of landlord and tenant existed ; and though the tenant was to have the use of animals to cultivate the land, as well as the use of the land itself, the part of the crop which he was to pay for the whole was rent.    39 *Ga.*, 18 (4).    There is evidence from which the jury could estimate the quantity and value of the crop produced, and from which they could infer the removal of one bale of the cotton from the premises, and even from the county.    Though the rest of the cotton went no farther than to the gin, which was on the premises, the actual removal of the one bale before paying the rent, might be looked to as a circumstance indicating that more would follow ; especially as the tenant, by his counter-affidavit to the distress warrant, denied his lord, and endeavored to cast him off as a stranger.

Judgment affirmed.