RIDDLE *v.* HODGE, administrator.

1. Where an owner rents land for a year to a tenant who, besides giving his promissory note for the stipulated rent, payable in cotton, contracts in writing that the title to all the crops shall remain in the landlord until the rent and all advances are paid, and the tenant dies before the cultivation of the crop is finished, the landlord, by himself or his agent, may enter and finish the cultivation without being an intruder, if, under all the circumstances, the entry for such purpose be reasonably necessary to protect his interest. On the trial of an issue involving the charge of intrusion, the written contract is admissible in evidence.

2. On the death of a tenant for one year only, leaving a widow, she and not the administrator is entitled to possession of the dwelling-house and the out-houses appurtenant thereto, for the residue of the term. The landlord will not be an intruder as to these if he resumes possession of them with the widow's consent.

May 20, 1889.

Landlord and tenant. Intruders. Evidence. Administrators. Before Judge GUSTIN. Houston superior court. October term, 1888.

On August 9, 1887, J. W. Hodge, as temporary administrator of Crawford Henderson, made an affidavit to eject A. A. Riddle, as an intruder, from certain premises of which he was in possession ; and by counter-affidavit an issue was formed and tried in the county court. At the opening of the case, defendant moved to dismiss the affidavit, on the ground that it would not lie in favor of a temporary administrator. This motion was overruled.

It appeared that Riddle was put in possession by H. Nichols, the owner of the land, who after Henderson's death entered and plowed out the crops, and learned that Hodge had already been there. Henderson died July 11, owing Hodge $112, and on July 14, Hodge took out temporary letters, had all the property appraised, and found that the land belonged to Nichols. Nichols told him, in the presence of a witness, that Henderson owed him (Nichols) for rent four or five bales of cotton and $25, also for eighty bushels of corn and two or three hundred pounds of meat, besides five or six dollars. He also told Hodge, both before and after the letters of administration were granted, that he claimed title to the crops on the place and the right to control them, under a written contract made when he rented to Henderson; also that he would turn over everything on the place if Hodge would pay his debt. This Hodge declined to do. About oat-cutting time, Henderson wanted about fifteen pounds of meat and a few bushels of corn. Nichols was dissatisfied, and so told him, and he replied, " Well, you know the crop is all yours anyhow until you get your pay." Nichols then let him have the meat and corn asked for, and possibly some more afterwards.

The defendant offered in evidence a paper dated February 8, 1887, signed by Crawford Henderson, reciting that it is the contract and agreement of him to Nichols, and agreeing, among other things, " that the title to all the crop that is made on the land I have rented and agreed to work, shall remain in him, the said H. Nichols, until all rents and advances made to me by said H. Nichols is fully satisfied and paid." This was rejected by the court. There were in evidence two notes of the same date as the contract, signed by Crawford Henderson, payable to H Nichols or bearer, due October 1, 1887, one promising to pay 2,000 pounds of baled lint cotton for value received for rent of the land in question, the other to pay $25 for the rent of a mule. The defendant offered to prove that Henderson's widow surrendered possession upon his giving her certain patches; and this, upon objection, also was ruled out.

The county judge rendered judgment in favor of the plaintiff; and the defendant by *certiorari*, alleged this, as well as the rejection of the written contract and the proof above stated, to be erroneous. In the superior court, the *certiorari* was dismissed and the judgment of the county court sustained; whereupon a bill of exceptions was taken, assigning error as follows: (1) In holding that a temporary administrator could maintain a warrant for forcible entry and detainer. (2) In holding, under the evidence, that Hodge, the administrator, was entitled to the possession of the premises in dispute as against the plaintiff in error. (3) In not holding that, under the contract, the reservation of title by the landlord in the crop carried with it the right to the possession of the premises, if it should become necessary to take possession of the crops to preserve them from ruin by taking possession of the premises. (4) In not sustaining the *certiorari.*

J. W. HAYGOOD and DUNCAN & MILLER, for plaintiff in error.

A. S. GILES and R. N. HOLTZCLAW, *contra.*

BLECKLEY, Chief Justice.

1. By written contract, title to all the crops was to remain in the landlord until the rent and advances were fully satisfied and paid. A note was given for the rent, payable in cotton. The tenant died in July, the cultivation of the crop being unfinished. The landlord, as we infer from the record, put Riddle in possession to finish the cultivation. Whether he could do this rightfully depended on circumstances. As the crop was his, if it was reasonably necessary under all the circumstances for him to enter to preserve his rights, he could do so lawfully. This does not militate with *Wadley* v. *Williams,* 75 *Ga.* 272. In that case, the renting seems to have been without any special contract reserving title to the crop. Here such a contract was made, and was legal. *DeVaughn* v. *Howell,* 82 *Ga.* 336. The county court erred in excluding that contract when it was offered in evidence.

2. The warrant for intrusion, issued at the instance of the temporary administrator of the tenant, embraced the dwelling-house and out-houses appurtenant thereto. There is some indication in the record that the opposite party offered to prove that the entry into these houses was with the consent of the tenant's widow. If so it was lawful. We think that by analogy to section 1768 of the code, the widow was entitled to the possession of these houses, and if the entry was with her consent the administrator had no right to complain. The court erred in not sustaining the *certiorari.*

*Judgment reversed.*