DANIEL v. HARRIS.

<div style="float:right">| 84 | 479 |<br>| 86 | 621 |</div>

A tenant seeking to remove from the premises any portion of the commercial crops before the rent is due, without his landlord's consent, is subject to distraint immediately, no matter what may be the purpose or intent of such removal.
  March 1, 1890.

Distress warrant. Landlord and tenant. Liens. Crops. Before Judge FORT. Sumter superior court. May term, 1889.

Harris sued out a distress warrant against Daniel, alleging a certain indebtedness for rent which would be due one month afterwards, and that the tenant was seeking to remove his goods from the premises. These allegations were denied by counter-affidavit. At the trial, on appeal to the superior court, the judge charged the jury that if Daniel, at the time of the suing out of the warrant, was seeking to remove his goods from the rented premises, the verdict ought to be in favor of the plaintiff; or if the circumstances were such as to justify the conviction that Daniel was seeking to remove his property, the plaintiff would be entitled to recover. Error was assigned because of the non-submission of the question whether, if Daniel was seeking to remove the property, he was doing so in good faith and with-

out intention to defraud the landlord. The verdict was for the plaintiff.

J. C. MATHEWS, HINTON & CUTTS and L. J. BLALOCK, for plaintiff in error.

JAMES DODSON & SON, contra.

BLECKLEY, Chief Justice.

The distress warrant was sued out before the rent became due. It was resisted by counter-affidavit denying that the tenant was seeking to remove his goods from the premises. There was evidence that he had removed and disposed of some cotton, a part of the crop produced on the premises, and evidence that he had told the landlord that he was going to carry the cotton away as fast as he could get it ready for market. This, however, was denied, the evidence upon the subject being conflicting. The sole point argued here was as to the proper construction of a portion of section 2285 of the code, which reads thus : "The landlord shall have power to distrain for rent as soon as the same is due, or before due, if the tenant is seeking to remove his goods from the premises." It is contended that the mere fact that a tenant is seeking to remove his goods from the premises will not justify the suing out of a distress warrant before the rent is due, but that the removal contemplated must be fraudulent, or with some intent or purpose to deprive the landlord of his rent, or to hinder, obstruct or delay him in the collection of it. We think, however, that, in the case of agricultural tenants, what the statute has in view as to commercial crops, though it may be otherwise as to ordinary property, is the mere removal and not the purpose of it. The statute gives the landlord a special lien upon the crop (Code, §1977). This lien attaches to the whole of the crop and not to a part only. Without the landlord's consent, therefore, the tenant, however free from intention to defraud or

injure his landlord, has no right to remove the crop or any part of it from the premises. There was no error committed by the court on the trial. And while there was conflict in the evidence, the jury settled that, and the verdict rendered, though not absolutely required, was justified. *Bates* v. *Messer*, 76 *Ga.* 696 (3); *Payne* v. *Holt*, 61 *Ga.* 355.          Judgment affirmed.