## HALL BROTHERS v. McGAUGHEY.

Though a landlord may, for amounts due for rent or supplies, have a lien upon the crops of his tenant which is entitled to priority over a bill of sale executed by the latter to a third person, the landlord can not, as against that person, acquire title to the crops merely by taking possession of the same. The proper method of asserting the priority of such a lien is by foreclosing the same, causing the crops to be sold thereunder, and claiming the proceeds of the sale.

Submitted November 21, — Decided December 13, 1901.

Trover. · Before Judge Hart. Greene superior court. July 8, 1901.

*James Davison*, for plaintiffs.    *J. B. Park*, for defendant.

LUMPKIN, P. J.   Hall Brothers brought, in the superior court of Greene county, an action of trover against Sanders McGaughey, for the recovery of a cow and calf, a buggy, and "a certain crop of cotton, corn, etc., raised by Sam. Moody in 1898," on certain described lands. There was a verdict for the defendant, and the plaintiffs bring here for review a judgment overruling their motion for a new trial. The following facts appeared at the trial: In the early part of 1898, Sam. Moody by a bill of sale conveyed the property in dispute to the plaintiffs. This bill of sale was not, however, recorded until November 7, 1898. On November 6, Moody absconded. Before doing so he consented for McGaughey to retake the buggy, it having been sold to him by McGaughey and the purchase-money not having been paid. Before leaving home Moody told his wife that if " Mr. McGaughey or any of 'em came after anything outside the house, to let them have it." On November 7, McGaughey went to Moody's house and with the consent of the wife took possession of the cow and calf. No price or other terms of sale were agreed upon. Subsequently McGaughey credited his unpaid demands against Moody for rent and supplies with $15, this being McGaughey's estimate of the value of the cow and calf. On the day last mentioned, one Gresham, a constable, at the instance and direction of McGaughey, seized such of Moody's crops as had not been disposed of, and turned the same over to McGaughey. This seizure was made under an execution issued upon the foreclosure of a lien in favor of McGaughey. There was no attempt at a sale by the constable. McGaughey asserted title to all the prop-

erty on the ground that the value of the same did not equal his unsatisfied demands against Moody. McGaughey did, however, give Moody credit for what the former estimated the value of the crops to be.

In the motion for a new trial exception is taken to the following charge of the court: "In any view which you may take of the case, the court charges you that so much of the personalty as represents crops grown on the land, in no event could that be subjected; because whether or not the lien of Hall Brothers had been recorded, or whether or not McGaughey purchased of Moody, if he did purchase, he would have a good title, because the law gives a superior title to landlords for all supplies furnished by him on the crop grown." By this charge his honor in effect instructed the jury that in no event could the plaintiffs recover the crops sued for. We are constrained to hold that this was error. The landlord did not acquire title to this property by purchase from Moody or by having it sold under legal process. Even if his lien was entitled to priority over the plaintiffs' bill of sale, he did not adopt the proper method of enforcing his rights. He could not lawfully simply take possession of the property and administer it himself. In this connection see *Duncan* v. *Clark*, 96 *Ga.* 263, and authorities there cited. The decision in that case was followed by this court in that of *Lightner* v. *Brannon*, 99 *Ga.* 606.

We have dealt with the only special ground of the motion for a new trial. It also contained the general grounds that the verdict was contrary to law and the evidence; but as the case is to be tried again, we express no opinion upon the merits of the controversy, so far as the same depend upon questions of fact.

*Judgment reversed. All the Justices concurring.*