NEAL *v.* SMITH.

Where a portion of a crop owned by a tenant at the time of his death was set apart to his widow as a year's support, she could recover the same in trover from one to whom the landlord, without any authority, had delivered it as payment on a debt which the deceased owed such person, although the tenant owed the landlord one fourth of the crop for rent and such conversion was made before the year's support was set apart.

Submitted April 14, — Decided May 13, 1905.

Trover. Before Judge Stark. City court of Jefferson. January 31, 1905.

*J. S. Ayers,* for plaintiff.

FISH, P. J. Lucy Neal brought trover and bail against J. N. Smith for a certain bale of cotton and thirty bushels of cottonseed. The case was tried before the judge of the city court without a jury, who rendered judgment in favor of the defendant. Plaintiff moved for a new trial on the general grounds, which being refused, she excepted. It appeared on the trial that Gus Neal, the husband of Lucy Neal, died January 15, 1903, owning the property in question. He owed his father, Floyd Neal, one fourth of this cotton and seed, for rent of the land upon which they were grown. He also owed Green & Smith a debt secured by mortgage on this property. Soon after his death, Smith, the defendant, en-

deavored to induce Lucy Neal to let him have this bale of cotton and the seed as a payment on the debt Gus owed Green & Smith, but she declined to do so, telling him that she needed it " to live on." Smith had Floyd Neal to see Lucy and to use his influence with her to obtain her consent for the cotton and seed to be applied to the debt due Green & Smith, but she still refused. During the illness of Gus, Floyd had hauled the cotton to the gin. After Gus's death and after Smith had failed to get Lucy to consent for him to take the cotton on the debt due his firm, Green, his partner, had the mortgage foreclosed. The mortgage fi. fa. was levied on the bale of cotton and on the seed belonging to Gus Neal's estate, and also on a bale of cotton belonging to Floyd Neal. Smith refused to dismiss the levy as to Floyd's cotton, unless he would haul the bale belonging to Gus's estate from the gin, where the levying constable had left it, and deliver it to Smith. Floyd finally consented to do this, and carried out the agreement, and the levy upon the property was dismissed. Smith took the cotton belonging to Gus Neal's estate at a price agreed upon between him and Floyd Neal, paid Floyd the amount due him by Gus for rent, and credited the balance on the debt Smith & Green held against Gus's estate. Smith endeavored to get Floyd to bring him the seed from this cotton, but Floyd refused to do it. Smith then saw a Mr. Carson, who claimed to have a bill of sale to the seed, and purchased the seed from him. No such bill of sale was put in evidence. After all this had occurred, and on January 31, 1903, the bale of cotton and the seed in question were set apart to Lucy Neal as a year's support. She demanded them from Smith before suit, and he refused to deliver them to her. Their value was proved. Plaintiff asked for a judgment for the highest proved value of the cotton and seed, under the facts above set forth, about which there was no controversy. The judge should have rendered such a judgment in the plaintiff's behalf. In refusing a new trial, the judge gave as his reason therefor, that Floyd Neal, who was Gus Neal's landlord, owned part of the cotton and seed and that he sold the same to defendant before they had been set apart as a year's support to plaintiff. The mere fact that a tenant agrees to pay his landlord as rent one fourth of the cotton grown on the land rented does not make the landlord owner of one fourth of such

cotton. In such a case the title to all of the cotton is in the tenant; it is otherwise, however, when the landlord, by express contract, reserves title in the crops to be grown on the rented land. *Riddle* v. *Hodge*, 83 *Ga.* 173. The mere fact that the landlord has a special lien on the crop for his rent does not put title to the crop in him, and he can not acquire title thereto by simply taking possession of the same. See, in this connection, *Hall* v. *McGaughey*, 14 *Ga.* 405, and cit. And while a year's support can not be set apart to the widow of a tenant out of crops grown on rented land, as against the landlord's lien for rent (Acts 1899, p. 47), the landlord has no title to such crop, nor can he acquire title to it by merely taking possession of the same. Therefore, in the present case, Floyd Neal, who was landlord of plaintiff's deceased husband, had no title to the bale of cotton and the cottonseed which he took possession of and delivered to the defendant. The plaintiff, however, did not contend for the value of all of the cotton and seed, but only for the value of three fourths of it. In other words, she was willing for the defendant to retain the fourth of it which her husband owed Floyd Neal for rent. After Gus Neal's death the cotton and seed in question constituted a portion of his estate, and the title to the same was not divested by the sale of it made by Floyd Neal to Smith. When the property was set apart to Lucy Neal as a year's support, the title vested in her, and she had the right to recover it, or its value, from Smith, who had converted it.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*