## SAPP v. ELKINS.

1. When a contract creating the relation of landlord and tenant embraces a sum to be paid as rent of land, and another sum as hire of animals to be used on the rented premises, the whole sum due is rent, and may be collected by distress.

2. There was no conflict in the evidence as to the amount due as rent, and the evidence authorized a finding that the plaintiff had a right to apply the payments to the other items.

Submitted March 3,—Decided May 16, 1906.

Distress warrant. Before Judge Parker. Wilcox superior court. January 14, 1905.

D. M. Elkins sued out a distress warrant against N. E. Sapp, for the sum of $250.63, due as rent for a farm in Wilcox county. The warrant was issued by a justice of the peace, and made returnable to his own court. A counter-affidavit was made by Sapp. On the call of the case for trial in the superior court, the defendant moved to dismiss the case, upon the ground that the distress warrant showed no jurisdiction in the superior court. This motion was overruled, and the plaintiff was allowed to amend the warrant, making it returnable to the superior court. To these rulings defendant excepted. The basis of the claim of the plaintiff was a note signed by the defendant for $361.91, which recited that the note was given for rent of the farm, and contained a description of the farm. The note had been credited with two payments, one of $73.88, and one of $37.40, leaving a balance due of $250.63. Plaintiff testified that the consideration of the note was made up of the following items: $150 for rent of the farm, "$50 for rent of horses, used on place," and the remainder for corn, fodder, and meat sold to Sapp. The two payments made by Sapp had not been accompanied by any direction as to their appropriation. Sapp testified to substantially the same facts as to the consideration of the note, but swore that two bales of cotton had been delivered by him to the plaintiff with directions to apply them to the rent due upon the land. The jury returned a verdict for the plaintiff for $200. Defendant moved for a new trial, upon the general grounds; and to the judgment refusing a new trial he excepted.

*Martin Cannon,* for plaintiff in error. *Hal Lawson,* contra.

COBB, P. J. (After stating the foregoing facts.) The brief of counsel for plaintiff in error is silent as to the exception to the

judgment overruling the motion to dismiss the warrant because jurisdiction was not shown; and we will therefore treat this assignment of error as having been abandoned. From the record before us we do not know what payments Sapp directed Elkins to apply to his rent due upon the land, according to Sapp's testimony. The brief of evidence recites that Sapp delivered two bales of cotton to Elkins, with this direction. The amount to be credited on account of the cotton does not appear. In any event there is a conflict of testimony on this point, and the finding of the jury appropriating the payments to the amounts due on the items other than rent will not be disturbed. It was contended that as the note recited that it was given for rent, the various items making up its consideration could not be inquired into. But this evidence was introduced by the plaintiff below, who now makes this contention, and similar evidence was introduced by the defendant below without objection. It is too late to raise this question in this court. According to the undisputed evidence, $150 was the amount agreed upon as rent for the land, and $50 hire of the horses to be used on the rented premises. All this was embraced in one contract. When a contract creating the relation of landlord and tenant embraces a sum to be paid as rent of the land and another sum to be paid as hire of animals to be used on the rented premises, the whole sum due is rent, and may be collected by distress. *Lathrop* v. *Clewis*, 63 *Ga.* 282, and cit.; *Payne* v. *Holt*, 61 *Ga.* 355.

*Judgment affirmed. All the Justices concur.*