## SMITH *v.* GREEN.

EVANS, J. 1. An affidavit for a distress warrant, which alleges that the tenant "is removing his crops from the premises so rented, whereby said rent is now due and unpaid," sufficiently complies with the Civil Code, § 3124, which authorizes the landlord to distrain as soon as the rent is due, or before due, if the tenant is seeking to remove his goods from the premises.

2.. Where the rent contract is in writing, parol evidence is inadmissible to add to or vary its terms.

3. A tenant may prove that the landlord has violated the rent contract, and reduce the rent by so much as the damages occasioned thereby amount to, without filing other pleadings than the statutory affidavit. *Johnston* v. *Patterson,* 86 *Ga.* 725. If complaint is made of the exclusion of evidence on which the tenant relies to establish his recoupment, the assignment of error must present so much of the excluded evidence as will show that the landlord has violated his obligations under the contract, to the tenant's damage. When the rejected evidence is not thus fully stated, this court is unable to say that its exclusion was erroneous.

4. Damages flowing from an independent tort of the landlord upon the tenant can not be set off against rent.

5. The right of the landlord to recover a given amount being established by the undisputed evidence, a direction of a verdict in his favor was proper.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

Submitted March 13,—Decided April 11, 1907.

Distress warrant. Before Judge Felton. Bibb superior court. April 19, 1906.

*H. F. Strohecker,* for plaintiff in error. *L. D. Moore,* contra.