## BRANDON v. PRITCHETT.

1. The charge of the court fairly presented the issues as made by the evidence and pleadings, and was not open to the criticism that a material contention of the losing party was omitted in the court's summary of them.
2. Where the court fairly states the contentions of both parties, and instructs the jury upon the law appropriate thereto, and the rule as to the preponderance of evidence, he is not bound, in the absence of a proper written request, to charge on which particular issues, respectively, the plaintiff held the burden of proof and on which the defendant held the burden of proof.
3. It is not a sufficient ground for new trial that the court failed to instruct the jury relatively to conflicts in testimony, and the jury's duty in respect thereto, where no written request was made for such instruction.
4. There was sufficient evidence to warrant the verdict, which has the approval of the trial judge, and there is nothing in the record to show that the court abused his discretion in refusing a new trial.

Argued May 8,—Decided November 19, 1909.

Action for specific performance. Before Judge Martin. Laurens superior court. August 29, 1908.

*Daley, Bussey & Daley* and *Joseph H. Hall,* for plaintiff.

*James B. Sanders* and *Hines & Jordan,* for defendant.

EVANS, P. J.  This is a petition brought by Brandon against
Pritchett, praying for the specific performance of a contract for
the sale of land.  The case had been formerly tried, and a verdict
was directed by the court in favor of the defendant and was set
aside by this court on an exception thereto.  126 *Ga.* 286 (55 S.
E. 241).  The plaintiff's case may be epitomized thus: Pritchett
authorized Clark Grier, in writing, to sell a described parcel of
land at a stated sum, the authority to sell to continue for three
days only.  Grier negotiated a sale with Brandon, and afterwards
made a written memorandum thereof, on the same day that Pritch-
ett executed to him his written authority to sell.  Within the
three days Brandon tendered to Pritchett the sum of money
named in the contract as the selling price.  Pritchett refused to
accept the tender, and refused to make Brandon a deed.  The
defendant, on the other hand, contended and offered evidence
tending to prove that within a few minutes after he had delivered
to Grier the written instrument empowering Grier to sell the
land, and before the trade had been consummated by any written
memorandum, he revoked Grier's authority to sell.  There was an
issue as to whether the authority given Grier to sell had been
revoked.  The plaintiff further contended, if such authority
had been revoked, that within the three days Pritchett, with a
knowledge that he had sold the land to Brandon, ratified the sale
and promised to make a deed; this the defendant denied.  The
court charged the jury that under the pleadings and the evidence
he submitted two issues: first, was there a revocation by the de-
fendant of the authority given by him to Clark Grier to sell the
land in controversy; and secondly, if there was a revocation of
such authority, did the defendant subsequently ratify the act of
Clark Grier in making the contract, or memorandum of the sale
of the land to the plaintiff?  These issues were clearly and fully
stated to the jury, and the law appropriate thereto was correctly
stated by the judge in his instructions.

The defendant prevailed, the court refused to grant a new trial,
and the plaintiff brings error.  Complaint is made in the motion
for new trial that the court erred, in failing to separate the issues
and contentions of the plaintiff and defendant, and to instruct
the jury on which issues, respectively, the plaintiff held the burden
of proof and on which the defendant held the burden of proof; in

failing to submit the contention that if the agent of the defendant acted on his written authority with the plaintiff before revocation or notice thereof, the plaintiff would be entitled to prevail; and in charging as follows: "First, was there a revocation by the defendant of the written authority given by him to Clark Grier to sell the land in controversy. The plaintiff contends that there was no revocation; and that constitutes an issue that you are to pass upon and determine from the evidence submitted in this case." The vice of this charge is said to be in the court's failure to limit any alleged revocation, in order to make it effective, to a time previous to Grier's acting under his written authority and dealing with the plaintiff. Complaint is also made that the court erred in charging as follows: "The defendant contends that the paper" (referring to the authority given by Pritchett to Grier to sell within three days) "was revoked, and the powers given herewith were revoked from the fact that he sent Mr. Hooks to Grier, requesting him to return the paper, and withdrawing the paper and the powers conferred in this paper from Grier." The error in this charge is said to be in that it assumes as an uncontested fact that the defendant sent Mr. Hooks to Grier, requesting him to return the paper, and withdrew the powers therein conferred upon Grier. Complaint is also made of the following charge: "Now, gentlemen of the jury, if you find that there was never any ratification of this first paper or authority given by Pritchett to Grier, then on the question of ratification you would find, or decide, in favor of the defendant. As to whether there was any ratification you look to all the facts and all the attendant circumstances under the rules already given you; and if there was a ratification of it, then on the issue of ratification you will find in favor of the plaintiff." The error alleged is that the charge is confusing and misleading. Complaint is also made that the charge as a whole was constructed so as to impress the jury with the defendant's contentions, to the prejudice of the plaintiff's rights under the pleadings and the evidence. Error was assigned upon the failure of the court to instruct the jury as to their duty to reconcile, and the rule for reconciling, conflicts in the evidence. We have carefully examined these criticisms upon the charge, and think they are without merit. If the defendant desired specific instructions upon the rules of law applicable to reconciling conflicting evidence, he should have

specially requested the same by a timely written request. The evidence, though conflicting, was sufficient to authorize the verdict, which was approved by the court, and no reason is made to appear why the court's discretion in refusing a new trial should be disturbed.　　　　　*Judgment affirmed.　All the Justices concur.*