2445. RADFORD v. THE STATE.

HILL, C. J. 1. On the trial of a female for the offense of adultery and fornication, evidence that she lived in the same house with the unmarried man with whom she is charged with having committed the act is admissible, although it may tend to prove that they lived together in a state of adultery and fornication, which, under the code, is a different offense. Penal Code, § 381.

2. It is not an invasion of the exclusive province of the jury, to determine all questions of disputed facts, for the judge to charge them that the criminal act alleged against the defendant may be shown by circumstantial evidence, and that if certain specified incriminatory circumstances are proved, the jury would be authorized to infer guilt. In the case sub judice the court instructed the jury that if they believed it to be true, under the evidence, that the defendant and the man with whom she is charged with having committed the act of adultery and fornication "were in bed together, that would be a circumstance that would authorize them to convict."

3. No error of law appears, and the evidence supports the verdict.

*Judgment affirmed.*

Accusation of adultery and fornication; from city court of Carrollton.—Judge Beall. January 15, 1910.

Argued March 9,—Decided April 6, 1910.

*Leon Hood,* for plaintiff in error.   *C. E. Roop, solicitor,* contra.

---

2448. TEEL v. THE STATE.

POWELL, J. 1. Where the relation of landlord and tenant exists, the title to crops grown on the rented land is in the tenant, and not in the landlord; the latter has only a lien for his rent.

2. Where the tenant disposes of crops grown on the rented land to the injury of the landlord, the offense is not larceny, but is a violation of a different provision of the Penal Code.

3. The landlord can not acquire title to the crops grown on the rented land simply by taking possession of them. He therefore can not by his own act, without the consent of the tenant, acquire such title to the crops grown on the rented premises as would support an indictment for larceny against the tenant for taking and carrying away the crop. *Neal* v. *Smith,* 123 *Ga.* 26 (50 S. E. 922); *Hall* v. *McGaughey,* 114 *Ga.* 405 (40 S. E. 246).       *Judgment reversed.*

Accusation of misdemeanor; from city court of Dawson—Judge Edwards. January 27, 1910.

Submitted March 9,—Decided April 6, 1910.

*W. H. Gurr,* for plaintiff in error.

*M. J. Yeomans, solicitor,* contra.