#### 4715, 4716. LITTLE *v.* LARY (two cases).

HILL, C. J. 1. The landlord is authorized to issue a distress warrant for rent before the rent is due, if the tenant is seeking to remove his crop from the rented premises without paying the rent. Civil Code (1910), § 3700; *Smith* v. *Green,* 128 *Ga.* 90. (57 S. E. 98).
2. The rental contract being in writing and being clear and unambiguous, parol evidence was not admissible to add to or vary its terms. Civil Code (1910), § 4268.
3. "A tenant seeking to remove from the premises any portion of the crops before the rent is due, without his landlord's consent and without paying his landlord, is subject to distraint immediately, no matter what may be the purpose or intent of such removal." *Daniel* v. *Harris,* 84 *Ga.* 479 (10 S. E. 1013). In the present case the defendant contended that the rent was payable in money, and that he was selling a part of the crop to raise the money for the purpose of paying the rent to his landlord. The court instructed the jury to the effect that if they believed this to be true, they should find against the distress warrant. *Held,* that the charge was more favorable to the defendant than the law authorized.
4. A set-off of items entirely independent of and separate from the con-

tract of rent can not be made against the distress warrant. *McMahon* v. *Tyson,* 23 *Ga.* 43; *Johnson* v. *Patterson,* 86 *Ga.* 725 (13 S. E. 17).

5. A landlord's lien for supplies may be enforced before the debt is due, if the tenant is removing or seeking to remove his crops from the premises.   Civil Code (1910), § 3348 (3).

6. No error of law appears, and the verdict for the plaintiff, both on the distress warrant and on the claim for supplies, is strongly supported by the evidence. '                                      *Judgment affirmed.*

DECIDED JUNE 10, 1913.

Distraint; from city court of Houston county—Judge Riley. January 4, 1913.

*Jere M. Moore,* for plaintiff in error.   *C. E. Brown,* contra.