*Brock, Sparks & Russell*, contra.

---

14837. INTERNATIONAL AGRICULTURAL CORPORATION *v.* POWELL.

BELL, J. 1. The landlord is entitled to a distress warrant for rent before the rent is due, if the tenant is seeking to remove his crop from the rented premises without paying the rent. Civil Code (1910), § 3700; *Smith* v. *Green*, 128 *Ga.* 90 (57 S. E. 98); *Little* v. *Lary*, 12 *Ga. App.* 754 (1) (78 S. E. 470).

2. A tenant seeking to remove from the premises any portion of the commercial crops before the rent is due, without his landlord's consent, is subject to a distraint immediately, no matter what may be the purpose or intent of such removal. *Daniel* v. *Harris*, 84 *Ga.* 479 (10 S. E. 1013).

3. A distress warrant, based upon a rent note payable to the order of the landlord and transferred to a third person, may be sued out in the name of the transferee, under the Civil Code (1910), §§ 3345, 3346, 3347, 3700; *Beall* v. *Patterson*, 146 *Ga.* 233 (2) (91 S. E. 71).

4. In this case the agreed rent was $300 for the year 1921, for which the tenant made and delivered to the landlord as payee two promissory notes, each for $150 and each to mature on November 1, 1921. One of the notes was assigned to the plaintiff, who procured the issuance of a distress warrant on October 1, 1921, on the ground that the tenant "is removing his crops from the premises . . . and is disposing of the same." The tenant arrested the warrant by a counter-affidavit denying that he had committed the acts alleged by the plaintiff as cause for proceeding before the rent was due. On the trial of the issue thus raised the evidence showed that "in the early fall" prior to the proceeding the tenant removed and sold from the premises, of the crops grown thereon in 1921, a bale of lint cotton, the entire proceeds of

which the landlord received and applied as a credit upon the note retained. The testimony was in conflict as to whether the landlord had previously consented to the sale, but it was undisputed that the plaintiff transferee had not consented. It was not denied that the tenant was indebted to the plaintiff for rent on the transferred note as alleged. The court directed a verdict for the defendant, and the plaintiff transferee has excepted to the overruling of its motion for a new trial. *Held:*

(a) Where a tenant gives two negotiable promissory notes payable to his landlord for rent, and the landlord transfers one of the notes and retains the other, in the absence of any agreement to the contrary the lien right is split, and the interests of the landlord and the transferee in the security provided by the landlord's liens are several, and the interest of the transferee is not subject to the control of the landlord. Where in such a case the tenant sells and disposes of a part of the crops raised upon the premises during the year, and pays the entire proceeds to the landlord, who does not produce the transferred note, and where such sale and disposition of the proceeds are without the authority or consent of the transferee, the latter will not be estopped by such application of the proceeds from asserting the fact of such sale and removal, as ground for distraining for the amount of rent represented by the transferred note, before its maturity. Compare Civil Code (1910), § 4276; *Roberts* v. *Mansfield,* 32 *Ga.* 228 (2); *Crowder* v. *Dunbar,* 74 *Ga.* 109, 111; *Willingham* v. *Huguenin,* 129 *Ga.* 835 (60 S. E. 186); *Georgia Realty Co.* v. *Bank of Covington,* 19 *Ga. App.* 219 (91 S. E. 267).

(b) The tenant, having given negotiable notes for the rent, was required to beware lest in dealing with the landlord he should violate the rights of a transferee, and, irrespective of this rule, it appeared in the evidence that the tenant had actual knowledge that one of the notes had been transferred to the plaintiff. See 18 Am. & Eng. Ency. Law, 287; *Bank of University* v. *Tuck,* 101 *Ga.* 104 (1).

(c) It follows that the court erred in directing a verdict in favor of the defendant, on the ground that the distress warrant was prematurely sued out, and in thereafter refusing the plaintiff's motion for a new trial. Supporting this conclusion is a further fact, undisputed in the record, that the tenant also made a sale of the seed from the bale of cotton mentioned above, as to which he did not claim that either the transferee or the landlord consented, and the proceeds of which were received by neither. See *Payne* v. *Holt,* 61 *Ga.* 355, 356.

5. The contention of the defendant in error, that the judgment of the trial court should be affirmed, on the ground that the case presents an instance of the improper splitting of causes of action (see *Thompson* v. *McDonald,* 84 *Ga.* 5 (1), 10 S. E. 448; *Broxton* v. *Nelson,* 103 *Ga.* 327 (1), 30 S. E. 38, 68 Am. St. Rep. 97; *Rivers* v. *Wright,* 117 *Ga.* 81 (3), 43 S. E. 499) cannot be sustained. There was no plea to this effect in the lower court. Furthermore, the tenant by splitting the amount of the rent and giving therefor two separate negotiable notes agreed to as many actions, in case of default, as there were notes. *Starnes* v. *Mutual Loan & Banking Co.,* 102 *Ga.* 597 (5) (29 S. E. 452).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur,*

Decided December 7, 1923.

Distraint; from Montgomery superior court—Judge Sheppard. April 4, 1923.

*B. P. Jackson, Little, Powell, Smith & Goldstein,* for plaintiff. *A. C. Saffold,* for defendant.