### 14900. JACKSON v. STATE.

BELL, J. Where in the trial of a proceeding under section 20 of the prohibition act of March 28, 1917 (Act Ex. Sess. 1917, pp. 7, 10), to condemn an automobile used in transporting prohibited liquors or beverages, the jury were instructed that the State could not prevail unless it appeared that the vehicle was so used with the knowledge of the defendant owner, it was not cause for a new trial to the defendant that the judge, in the absence of a timely written request, did not further charge that the burden of proving such knowledge was one to be carried by the State. "Where the court fairly states the contentions of both parties, and instructs the jury upon the law appropriate thereto, and the rule as to the preponderance of evidence, he is not bound, in the absence of a proper written request, to charge on which particular issues, respectively, the plaintiff held the burden of proof and on which the defendant held the burden of proof." *Brandon* v. *Pritchett*, 133 *Ga.* 480 (2) (66 S. E. 247) ; *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (7) (64 S. E. 703) ; *Hickman* v. *Bell*, 10 *Ga. App.* 319 (2) (73 S. E. 596) ; *Askew* v. *Amos*, 147 *Ga.* 613 (5) (95 S. E. 5).

 *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

    DECIDED DECEMBER 7, 1923.

Condemnation under liquor law; from Gwinnett superior court —Judge Fortson. June 9, 1923.

*G. A. Johns,* for plaintiff in error.

*P. Cooley, solicitor-general,* contra.