### 15327.   PETERMAN *v.* DUNAWAY.

1. Where a tenant, without his landlord's consent, seeks to remove from the rented premises any part of the commercial crops before the rent is due, he is subject to immediate distraint, no matter what may be the purpose of the removal.

2-4. The evidence authorized a finding that there was no novation of the contract between the landlord and the tenant by changing the terms of payment, and that there was no waiver of the condition of the contract as to properly working the crops; and, there being evidence to support the verdict in favor of the landlord, this court cannot interfere with it.

DECIDED APRIL 23, 1924.

Distraint; from city court of Lexington—Judge Joel Cloud. November 30, 1923.

*Clarence E. Adams,* for plaintiff in error.

*Hamilton McWhorter, Tutt & Brown,* contra.

BELL, J. 1. Where a tenant, without his landlord's consent, seeks to remove from the premises any portion of the commercial crops before the rent is due, he is subject to distraint immediately, no matter what may be the purpose or intent of such removal. *Daniel* v. *Harris,* 84 *Ga.* 479 (10 S. E. 1013); *International Agricultural Corp.* v. *Powell,* 31 *Ga. App.* 348 (1) (120 S. E. 668); *Little* v. *Lary,* 12 *Ga. App.* 754 (3) (78 S. E. 470). In this case the evidence established, without dispute, that the tenant, without his landlord's consent, had carried away from the rented premises two bales of cotton grown thereon, and had stored them in a warehouse in another county. Under the principle stated, this evidence was sufficient to support a distress warrant issuing before the rent was due, on the ground that the tenant was "seeking to remove his goods and crops from the premises."

2. This being a distress proceeding converted into mesne process by counter-affidavit and bond, the plaintiff sought to recover a balance from the defendant as rent for farm lands, claiming that they were rented for the year at 6,000 pounds of lint cotton. The evidence for the tenant would have authorized a finding that notwithstanding such original terms of the rent contract, the parties thereto subsequently entered into a novation thereof by agreeing that the tenant could pay as rent one fourth of the crops produced. The landlord, however, denied such modification of the contract, testifying as follows: "Mr. Peterman came to me and spoke to me about wanting to change the contract to the fourth, and I told Peterman if he would cultivate the place properly I would consider it. No, I did not agree to rent the place to him for the fourth, I told him I would consider it." But even assuming that this testimony of the landlord conclusively established as against him a valid agreement to alter the terms of payment, conditioned upon the proper cultivation of the crops, there was evidence, submitted directly upon the point, sufficient to authorize the inference that the tenant did not comply with such essential condition, and therefore that the novation was never effectuated.

3. The evidence disclosed that during the term the tenant de-

livered to the landlord one fourth of the oat crop, the tenant contending that it was accepted by the landlord with knowledge that it was tendered as a part performance of the rent agreement under the tenant's version of the agreement. It is insisted on behalf of the tenant, by brief, that an acceptance of the oats by the landlord, under the circumstances, was "a waiver of his exceptions as claimed, and he is precluded from claiming that there was a condition to the contract as to properly working the crops." Conceding that the landlord would be estopped by such an acceptance, this contention of the defendant was also disputed. The landlord testified: "As to my accepting one fourth of the oat crop, he brought some oats down there. No, I did not send him word to bring me the oats. I admit he brought some oats down there. As to the oats being one fourth of the crop of oats made on the place that Peterman rented from me, and my accepting the oats as one fourth of the rent for the oats, he brought some oats down here, and I do not know how many, or what he brought them for. I did not know the oats were brought there by Peterman until some time later, and did not accept the oats as one fourth of rent." Upon the conflicting testimony the jury were authorized to find against such contention of the tenant. No question is raised as to whether the value of the oats was not, if it should have been, credited on the original amount of the rent as claimed by the landlord.

4. There was some evidence to support the verdict, and the motion for a new trial, containing only the general grounds, having been overruled by the trial judge, this court is without power to interfere.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*