### 15484. WATSON *v.* SUDDERTH.

BELL, J. 1. The entry of levy did not show the defendant in fi. fa. in possession of the property. The burden of proof, therefore, rested upon the plaintiff in fi. fa. and not upon the claimant. Civil Code (1910), § 5170. It was not reversible error, however, in the absence of a timely and proper request, that the trial judge omitted to instruct the jury upon the burden of proof. *Brooks* v. *Griffin,* 10 *Ga. App.* 497 (5) (73 S. E. 752); *Whittle* v. *Central of Ga. Ry. Co.,* 11 *Ga. App.* 257 (1) (74 S. E. 1100); *Jackson* v. *State,* 31 *Ga. App.* 383 (120 S. E. 668).

2. Where a tenant subleases a part of a farm, the title to crops grown on the subleased premises is in the subtenant. *Boyd* v. *Kinzy,* 127 *Ga.* 358 (1) (56 S. E. 420); *Nash* v. *Orr,* 9 *Ga. App.* 33 (4) (70 S. E. 194); *Andrew* v. *Stewart,* 81 *Ga.* 53 (3) (7 S. E. 169); *Worrill* v. *Barnes,* 57 *Ga.* 404 (1); *Teel* v. *State,* 7 *Ga. App.* 600 (2) (67 S. E. 699). Under the facts of this case it was error to instruct the jury that "if the lands were subrented by [the original tenant] with the knowledge and consent of the parties from whom he rented, . . though they may have had a lien thereon, the title would still be in the man who rented the land.

In other words, the title [would] vest in the man who rented the land." This charge was susceptible of the construction that the title to the crops grown on the subrented premises would be in the original tenant.

3. Where a tenant, with the knowledge and consent of his landlord, subleases agricultural lands and takes a note from the subtenant, payable to himself, which he transfers to the landlord, and where the subtenant delivers a part of the crops grown by him to the original tenant, who accepts the same solely as a go-between of the subtenant and the landlord, selling the property and paying the proceeds over to the landlord in satisfaction of the subtenant's transferred note, the original tenant having reserved no rights against the subtenant in the transfer and claiming no interest in the property, the title thereto never vests in the original tenant. Such were the facts appearing, without dispute, in this case. The verdict found for the plaintiff in fi. fa. was therefore unauthorized by the evidence. *Bolton* v. *Duncan*, 61 *Ga.* 103; *Flournoy* v. *Wardlaw*, 67 *Ga.* 378; *Lathrop* v. *Clewis*, 63 *Ga.* 282 (1) (2); *McCulloch* v. *Goode*, 63 *Ga.* 519; *McBurney* v. *McIntyre*, 38 *Ga.* 262 (1); *Strickland* v. *Stiles*, 107 *Ga.* 308 (3) (4) (33 S. E. 85); *Beall* v. *Patterson*, 146 *Ga.* 233 (2) (91 S. E. 71); *International Agricultural Corp.* v. *Powell*, 31 *Ga. App.* 348 (1) (120 S. E. 668).

(a) *In so far as the plaintiff in fi. fa. is concerned*, the above ruling is not altered by the fact that the subtenant may not have known that his note to the tenant had been transferred to the landlord, since it appears without dispute that the original tenant did not accept the cotton as owner, but, even if under an *assumed* agency, received it only for the landlord as his principal, undisclosed both to the subtenant and the claimant. *McConnell* v. *East Point Land Co.*, 100 *Ga.* 129 (2) (28 S. E. 80); Civil Code (1910), § 3596.

4. Under the rulings in the two preceding paragraphs, the court erred in refusing the claimant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 17, 1924.

Levy and claim; from Miller superior court—Judge Yeomans. March 7, 1924.

An execution in favor of D. G. Sudderth against R. G. Pope was levied upon two bales of cotton as the property of the defendant. A claim was filed by S. M. Watson. The only evidence in relation to the title was that of R. G. Pope, who was sworn in behalf of the plaintiff in fi. fa., and testified as follows: "I sold these two bales of cotton in question to Mr. Watson, . . that cotton belonging to Rob Campbell, a renter, when I sold it. . . Those two bales of cotton were raised on place belonging to Farmers Land Loan & Title Company. I was living on the place. . . I rented the land. . . I was operating that year as a renter. . . I was to give $1,000 rent. This cotton was made on that place, made by a renter, Robert Campbell. He rented from me. It was

Robert Campbell's cotton. I had no interest in it whatever. He brought it out here, ginned it, and put it in my name. I sold it to Mr. Watson. Campbell subrented from me, and turned that cotton over on his rent. He had it ginned and put it in my name. That was not the instructions he had. He carried the receipts back and gave them to me. . . When he carried those receipts to me he turned them over to me on his rent. The rent was due to the Farmers Land Loan & Title Company, and I took that cotton for the Farmers Land Loan & Title Company and sold it. I carried that same money to Albany and delivered it to them that same day. I did not have a bit of interest in the cotton. . . I did not authorize that darkey to put any cotton in my name. I did not know that he had put any cotton in my name, until he came to me with the receipts. . . I did not sell that cotton as my own. . . I sold it as the property of the Farmers Land Loan & Title Company. . . Robert Campbell . . owed the notes to the Farmers Land Loan & Title Company; they were transferred to them, and I give this note [the note of Pope to the landlord], and I turned in the other notes as fast as I taken them. . . I took [Campbell's] rent note. He rented from me . . with the consent of the Farmers Land Loan & Title Company." The sale by Pope to Watson was made on August 15, 1922, and the levy on the cotton was made on the same day. The fi. fa. was issued on a judgment rendered in 1920, and was entered on the general execution docket on August 16, 1921. The verdict was in favor of the plaintiff in fi. fa. The claimant excepted to the overruling of his motion for a new trial.

*W. I. & P. Z. Geer,* for plaintiff in error.

*N. L. Stapleton,* contra.