## 18163. WHEELER v. MOTE.

JENKINS, P. J. 1. Where it appears that on the first trial of a distress warrant the court granted a nonsuit, and that upon the hearing of the plaintiff's motion for a new trial the defendant moved to dismiss the motion on the ground that the movant had failed to present an approved brief of the evidence, and where it appears that the judge passed an order overruling the motion to dismiss, to which ruling exceptions pendente lite were taken by the defendant, and that thereafter the trial judge, without any brief of the evidence having been presented, proceeded to grant the motion for a new trial, to which action in granting a new trial the defendant failed to except, but proceeded to enter upon the second trial of the cause which terminated in favor of the plaintiff, the defendant, in reviewing the judgment rendered at the second trial, can not be heard to complain of the alleged previous error of the judge in refusing to dismiss the plaintiff's previous motion for a new trial. This is true for the reason that when the defendant failed to except to the previous final judgment of the court in granting plaintiff a new trial, the questions raised by the exceptions pendente lite became moot and immaterial.

2. If, without the consent of the landlord, the tenant is seeking to remove his goods from the rented premises, the landlord is authorized to distrain for rent, even before it becomes due. Civil Code (1910), § 3700. The intent and purpose of an agricultural tenant in removing crops grown on the rented premises is immaterial. *Daniel* v. *Harris*, 84 *Ga.* 479, 480 (10 S. E. 1013); *Jones* v. *Eubanks*, 86 *Ga.* 616, 621 (12 S. E. 1065); *Little* v. *Lary*, 12 *Ga. App.* 754 (78 S. E. 470). Where, however, the rent of an agricultural tenant is payable in specifics, and where, under the terms of the rent agreement, the produce is to be delivered by the tenant by a certain date and at a warehouse beyond the limits of the rented premises, the tenant is authorized, in compliance with the terms of the rent agreement, to remove the produce called for by the contract to the place designated by the agreement, and to hold the same for the landlord in the place thus specified pending the maturity of the rent obligation. In such a case it is not a question of intent in violating the statute, it is not a question of whether the tenant has innocently violated the rights of the landlord under the statute, but the question to be determined is whether he has violated them at all in thus removing the produce in order to conform with his obligation under the contract. Under the law the right of possession of the produce remains in the tenant until the rent becomes due, but under the statute he must maintain such possession upon the rented premises until the rent has been paid, except that when delivery is required at a storage place beyond the limits of the rented premises, he may accumulate the produce at the place specified for delivery and hold it until the time fixed for performance.

3. In accordance with the rule stated in the foregoing division of the

---

Appeal and Error, 3 C. J. p. 969, n. 46.

Landlord and Tenant, 36 C. J. p. 539, n. 13; p. 540, n. 14, 15; p. 586, n. 2 New.

syllabus, irrespective of whether or not there existed any issue of fact as to whether portions of the crop were removed from the premises other than the bale of cotton which it was admitted had been taken to the warehouse specified by the rent contract, the court erred in charging the jury to the effect that any removal of the produce from the rented premises, irrespective of the rights and duties of the tenant under the rent contract, would authorize the issuance of a distress warrant prior to the maturity of the rent obligation.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1927.

Distraint; from Barrow superior court—Judge Stark. April 26, 1927.

*Richard B. Russell Jr.,* for plaintiff in error.
*J. C. Pratt, G. A. Johns,* contra.