HICKS *et al.* v. HICKS.

542

No. 14615.  September 11, 1943.

*R. M. Daley* and *C. C. Crockett,* for plaintiffs in error.
*Blackshear & Blackshear,* contra.

Jenkins, Presiding Justice.  ■  On a former writ of error in this case, involving a claim to land by devisees under the will of the first wife of a decedent, after levy of a fi. fa. for year's support in favor of his second wife, the judgment for the claimants at the first trial was reversed.  *Hicks* v. *Hicks,* supra.  It was held by this court that "where the entry of the officer's levy does not show who was in possession of the land levied on, the burden is on the plaintiff in fi. fa.;" but where "it is made to appear from the evidence that the husband claimed the property as his own, was in possession of it for many years, and died in possession, the burden shifts, and it is then incumbent upon the claimants to establish their title;" and that "joint possession by the husband and wife is presumptively the possession of the husband, but this presumption may be rebutted."  It was further held, under these principles, that the evidence as to the husband's possession "made out a prima facie case to subject the property" in favor of the year's support to the second wife, the plaintiff in fi. fa.; that the burden had "shifted to the claimants to make good their claim of title;" and that the claimants had failed to show any title in the first wife, under whom they claimed.

From an examination of the record in the first trial it appears that the evidence in the present trial as to the husband's possession, although conflicting, was essentially the same as in the former trial and equally as strong for the plaintiff in fi. fa.  Therefore,

under the law of the case, the burden of proving title, as in the former trial, was shifted to the claimants. As to such title, although the claimants showed a will by the first wife, with a residuary clause giving them an undescribed remaining part of her estate after special devises, the evidence, as at the first trial, went no further than to show a paper title in the first wife's mother, without disclosing how such title had ever vested in the first wife. Accordingly, on the last verdict in favor of the plaintiff in fi. fa., there is no merit in the general grounds of the claimants' motion for new trial.

■ "When an execution is levied upon property in the possession of the defendant in fi. fa., and a claim is filed, the burden is on the claimant to show not merely that the title is not or was not in the defendant, or that for some other reason the property is not or was not subject to levy or sale under the execution, but also that he himself, at the date the claim was filed, had some title to or interest in the property, superior to the right of the plaintiff to proceed with the execution." *Deariso* v. *Lawrence, 3 Ga. App.* 580 (2) (60 S. E. 330).

The claimants excepted to the failure to give to the jury the following requested charge, as "pertinent to the issue, and . . . not otherwise covered" in the charge: "While possession is some evidence of ownership, if you find any possession in [the deceased husband] in his lifetime, the claimants can show statements of the party in possession that the property belonged to his wife, in rebuttal of ownership of the estate" of the husband. Under the principle of law just stated, the refusal to give this instruction was not erroneous, since the request was not fully adjusted to the issue as to possession in the deceased husband, whose possession formed the basis of the levy on the land for a year's support of the plaintiff in fi. fa. This is true for the reason that since the claimants failed to show title in the husband's first wife, under whom they claimed, the burden of proof was the controlling factor; and proof of possession by the deceased husband would suffice, in the absence of an entry by the levying officer as to possession, to shift to the claimants the burden of proving title in themselves, so that the contradictory evidence which the jury might consider as to a disclaimer of title by the husband in possession would not relieve the claimants of the burden of proof thus imposed. Even if the claim-

ants' evidence as to the husband's disclaimer had been uncontradicted, the request to charge involved a shifting of the burden of proof, and the language of the request did not cover that principle. See, in this connection, *Brandon* v. *Pritchett,* 133 *Ga.* 480 (2) (66 S. E. 247); *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 55 (92 S. E. 391), and cit.; *Watson* v. *Sudderth,* 32 *Ga. App.* 383 (123 S. E. 143), and cit.

■ It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence of the fact, although there is also written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, as to which the writing is merely collateral or incidental. In such a situation the rule requiring production of original writings has no application. 20 Am. Jur. 366, § 405. On a question of payment, while documentary evidence as to the manner of payment, such as a receipt or canceled check, "would add probative value to the proof relied on to establish the [payment], the act [itself] is the essential fact to be shown." *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (95 S. E. 746). Accordingly, it was not error to admit parol testimony by the plaintiff in fi. fa., that her husband had paid taxes on the land in dispute, over the objection that "the tax returns would show who returned and paid taxes on this property," that "this was higher and better evidence," and that there was "higher and better evidence of payment of the taxes" than such oral testimony.

■ In several grounds the claimants except to the admission of testimony: to a general statement by the plaintiff in fi. fa. that her deceased husband "was in possession," as a mere conclusion without the support of necessary facts; and to testimony as to statements by the decedent that he "owned this property," that he "claimed it was his property," and that he "claimed possession," over objections that no possession by the decedent had first been shown as a basis for admitting such declarations, and that they were merely hearsay and self-serving declarations by the decedent as to his title, and were not binding against the first wife or the claimants under her. There is no merit in these grounds, for the reason that substantially the same testimony from the same and other witnesses, some of which was elicited by the claimants them-

selves on cross-examination, was admitted without objection. Nor is there any merit in similar exceptions to the admission of a deed from the decedent to the City of Dublin, conveying part of the property, and a security deed from him to the Southern Cotton-Oil Company, covering another portion, since the plaintiff in fi. fa. was allowed, without objection, to testify as to the essential facts shown by such writings.

■ In the final ground, complaint is made of the admission of testimony from the plaintiff in fi. fa. that "the 1-½ acres of land described in item 3 of [the first wife's] will is touched by property of [the deceased husband] on the west, which is the gin property" in dispute; and that the witness "knew this fact by the deeds and records;" over the objection that "item 3 of said will described lots Nos. 2, 3, and 4, as is designated in the city map of Dublin," and that "the location of said lots could only be shown by a map of the City of Dublin, which was higher and better evidence of location than the oral testimony of the witness." No reversible error appears, since the plaintiff was allowed, without objection, elsewhere to testify that in the "will there is a description of a lot and boundary line, and the gin property is the western boundary line, and [the first wife] gives it as the gin property of" the deceased husband; and since a son-in-law of the decedent, testifying for the claimants, also said on cross-examination, without objection, that "this property [which the first wife] bequeaths here . . is bounded on the west by property of" the deceased husband. Counsel for the claimants was permitted to testify also that, according to an old city map which he had seen, the lots referred to in the will were located as the witness stated, over objection that the map itself was the highest and best evidence. Furthermore, in any event, while item 3 of the will in evidence devised all of the numbered and described lots "as is designated in the city map of Dublin," the exception does not show that the testimony objected to, that one of the lots was bounded on the west by property of the husband and was described in the will as being so bounded, was contradictory to either the will or the map, even if the map had been put in evidence. Nor does the exception show how the testimony could have been otherwise prejudicial.

*Judgment affirmed. All the Justices concur, except Grice, J., disqualified.*