31368.  CRAVEY *v.* THE STATE.

DECIDED OCTOBER 22, 1946.

*James H. Dodgen,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Durwood T. Pye, J. R. Parham,* contra.

MACINTYRE, J.  ■  Headnote 1 needs no elaboration.

■  The defendant assigns as error the failure of the trial court to charge "that it is incumbent upon the State to prove all of the essential allegations in the bill of indictment, and the court failed to charge the jury that all of the allegations in the indictment were material, and that it was the State's burden to prove the material allegations beyond a reasonable doubt." There is no merit in this contention. The trial judge read the indictment to the jury, and stated that the defendant pleaded not guilty to the charge as made in the indictment, and that this made the issue which the jury was to try. See *Wilensky* v. *State,* 15 *Ga. App.* 360 (2) (83 S. E. 276). The judge then instructed the jury that "the defendant enters upon the trial of the case with the presumption of innocence in his favor, and that presumption remains with him unless and until you gentlemen find that the State has carried the burden imposed upon it by law of proving his guilt beyond a reasonable doubt. The burden is on the State to prove his guilt beyond a reasonable doubt before there ʹan be a conviction." Where the judge in a criminal case fairly states the contentions of both parties, and in-

structs the jury upon the law appropriate thereto, and the rules as to the presumption of innocence, reasonable doubt, and the defendant's statement, he is not bound, in the absence of a proper written request, to charge on which particular issues, respectively, the State held the burden of proof and on which the defendant held the burden of proof. *Jackson* v. *State*, 31 *Ga. App.* 383 (120 S. E. 668) ; *Jefferson* v. *State*, 74 *Ga. App.* 232 (39 S. E. 2d, 453). Where a judge gives in charge to the jury the general principles of law applicable to an issue in the case, a party who desires more specific and concrete instructions as to one of his contentions should make request therefor in writing. *Southern Ry. Co.* v. *Wilcox*, 59 *Ga. App.* 785 (2 S. E. 2d, 225).

■ The defendant assigns as error, "that after the court charged the section of the Code relating to larceny after trust, it failed to go further and charge the jury that before a conviction could be had in this case a violation of this section of the Code would have to be shown to the jury to their satisfaction and beyond a reasonable doubt." "Where in a criminal case the judge has fully and fairly charged the jury concerning the law of reasonable doubt, he is not bound to repeat the instructions upon that subject when charging with reference to some particular or specially enumerated fact or facts." *Davis* v. *State*, 25 *Ga. App.* 299 (4) (54 S. E. 126).

■ The evidence authorized the jury to find the defendant guilty of larceny after trust.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*